# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| The Retirees of the<br>Goodyear Tire and Rubber Company<br>Health Care Trust Committee,<br><br>*and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>State Street Corporation, State Street<br>Bank & Trust Co.,<br>and State Street Global Advisors,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:13-CV-10124<br><br>ORAL ARGUMENT REQUESTED |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS COUNT III OF THE COMPLAINT

Jeffrey B. Rudman (BBO #433380)
Eric G. Penley (BBO # 678920)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Lori A. Martin (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
Christopher Bouchoux (*pro hac vice*)
Sara N. Raisner (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888

*Counsel for Defendants State Street*
*Corporation and State Street Bank and Trust*
*Company (including its division State Street*
*Global Advisors)*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF ALLEGED FACTS ...................................................................................... 1

    A.   The Parties .................................................................................................................... 1

    B.   The Securities Lending Program ................................................................................... 2

    C.   Plaintiff's Claims .......................................................................................................... 3

ARGUMENT ................................................................................................................................ 4

I.    ERISA PREEMPTS PLAINTIFF'S CLAIM FOR BREACH OF
      FIDUCIARY DUTY UNDER MASSACHUSETTS COMMON LAW ............................. 4

    A.   The Common Law Claim Is Expressly Preempted By Section
        514(a) Insofar As It "Relates to" An ERISA-Covered Plan ........................................... 4

    B.   The Common Law Claim Pursues a Supplemental Remedy
        To That Provided By ERISA and Is Preempted By Section 502(a) ............................... 9

II.   THE BREACH OF FIDUCIARY DUTY CLAIM UNDER
      MASSACHUSETTS COMMON LAW IS BARRED BY THE
      THREE YEAR STATUTE OF LIMITATIONS .................................................................. 10

CONCLUSION ............................................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aetna Health Inc. v. Davila,*
   542 U.S. 200 (2004).............................................................................................. 5, 9, 10

*Alessi v. Raybestos-Manhattan, Inc.,*
   451 U.S. 504 (1981)..................................................................................................... 5

*Anthony v. Jetdirect Aviation, Inc.,*
   725 F. Supp. 2d 249 (D. Mass. 2010) ........................................................................ 7

*Carpenters Local Union No. 26 v. United States Fid. & Guar. Co.,*
   215 F.3d 136 (1st Cir. 2000)................................................................................... 5, 7

*Cohen v. State Street Bank & Trust Co.,*
   893 N.E.2d 425 (Mass. App. Ct. 2008) ................................................................... 10

*Curran v. Camden Nat'l Corp.,*
   477 F. Supp. 2d 247 (D. Me. 2007) .......................................................................... 5

*Demoulas v. Demoulas Super Mkts., Inc.,*
   677 N.E.2d 159 (Mass. 1997) .................................................................................. 11

*Doe v. Harbor Sch., Inc.,*
   843 N.E.2d 1058 (Mass. 2006) .......................................................................... 10, 11

*Ehlen Floor Covering, Inc. v. Lamb,*
   660 F.3d 1283 (11th Cir. 2011) ............................................................................... 10

*French v. Pan Am Express, Inc.,*
   869 F.2d 1 (1st Cir. 1989)........................................................................................ 4

*Goldberg v. Unum Life Ins. Co. of Am.,*
   527 F. Supp. 2d 164 (D. Me. 2007) ................................................................. 5, 9, 10

*Grant's Dairy-Me., LLC. v. Comm'r of Me. Dep't of Agric., Food & Rural Res.,*
   232 F.3d 8 (1st Cir. 2000)........................................................................................ 4

*Greenwood Trust Co. v. Mass.,*
   971 F.2d 818 (1st Cir. 1992).................................................................................... 4

*Hampers v. W.R. Grace & Co.,*
   202 F.3d 44 (1st Cir. 2000) ....................................................................... 5, 6, 7, 8, 9

*In re Enron Corp. Secs., Derivative & ERISA Litig.*,
    284 F. Supp. 2d 511 (S.D. Tex. 2003) ............................................................. 8

*Lawson v. Affirmative Equities Co., L.P.*,
    341 F. Supp. 2d 51 (D. Mass. 2004) ............................................................. 11

*Louisiana Pub. Serv. Comm'n v. FCC*,
    476 U.S. 355 (1986) .................................................................................... 4

*Nelson v. Nielsen Media Research Inc.*,
    207 F. Supp. 2d 300 (S.D.N.Y. 2002) ..................................................... 7, 8

*Peach v. Ultramar Diamond Shamrock*,
    229 F. Supp. 2d 759 (E.D. Mich. 2002),
    *aff'd*, 109 F. App'x 711 (6th Cir. 2004) ..................................................... 8

*Pilot Life Ins. Co. v. Dedeaux*,
    481 U.S. 41 (1987) ...................................................................................... 9

*Santana-Castro v. Toledo-Davila*,
    579 F.3d 109 (1st Cir. 2009) ..................................................................... 11

*Santiago v. American Airlines, Inc.*,
    840 F. Supp. 2d 500, 506 (D.P.R. 2012) ................................................... 11

*Shaw v. Delta Air Lines, Inc.*,
    463 U.S. 85 (1983) .................................................................................. 4, 5

*Williams v. Ashland Eng'g Co.*,
    45 F.3d 588 (1st Cir. 1995) ......................................................................... 5

*Zipperer v. Raytheon Co.*,
    493 F.3d 50 (1st Cir. 2007) ......................................................................... 7

**Statutes**

29 U.S.C. § 1144(a) ........................................................................................ 6

29 U.S.C. § 1144(c)(1) ................................................................................... 7

ERISA § 3(1) ......................................................................................... 3, 4, 8

ERISA Section 502(a) .................................................................................. 11

Mass. Gen. Law ch. 260, § 2A ..................................................................... 12

Defendants State Street Corporation and State Street Bank and Trust Company (together with its State Street Global Advisors division) ("State Street") submit this memorandum of law in support of their motion to dismiss Count III of the Complaint for failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

This motion presents the following question:  Does the Employee Retirement Income Security Act ("ERISA") preempt a Massachusetts state law claim for breach of fiduciary duty with respect to the management of plan assets?  ERISA has an express preemption provision and the federal statute supersedes all state laws relating to covered employee benefit plans.  In addition, ERISA creates an exclusive civil enforcement regime for covered plans.  This case seeks common law remedies that provide an "alternative enforcement mechanism" to ERISA's enforcement regime and are expressly barred by ERISA.  Because Congress has concluded that the remedies available in ERISA are exclusive for covered plans, the Massachusetts common law claim should be dismissed.

The Massachusetts common law claim is deficient for an additional reason.  A breach of fiduciary duty claim is governed by a three year statute of limitations in Massachusetts.  Plaintiff initiated this action more than three years after the claim arose and it is, thus, time-barred.

## STATEMENT OF ALLEGED FACTS

### A.     The Parties

Plaintiff is The Retirees of the Goodyear Tire & Rubber Company Health Care Trust Committee (the "Committee").  It brings this action on behalf of the Goodyear Tire & Rubber Company Health Care Plan and Trust ("Goodyear VEBA"), an "employee welfare benefit plan within the meaning of ERISA §3(1)."  Compl. ¶¶ 2, 14.  Goodyear VEBA provides "health and

welfare benefits to its participants, all of whom are retirees from and former employees of Goodyear, or their spouses or dependents."  *Id.*

Defendant State Street Corporation ("SSC") is a financial holding company organized under the laws of the Commonwealth of Massachusetts.  Compl. ¶ 17.  State Street Bank and Trust Company ("SSBT") is a Massachusetts trust company and wholly-owned subsidiary of State Street Corporation.  Compl. ¶ 16.  Plaintiff alleges that SSBT is the investment manager of the Common Trust Funds in which Goodyear VEBA invested.  *Id.*  State Street Global Advisors ("SSgA") is an unincorporated division of SSBT and the "Investment Manager . . . for some or all of the Common Trusts that State Street Defendants offer and manage."  Compl. ¶ 18. Plaintiff alleges that both SSBT and SSgA are fiduciaries to the Common Trust Funds.  Compl. ¶¶ 16, 18; *see id.* at ¶ 3.

### B.   The Securities Lending Program

Securities lending is an investment practice, selected by Plaintiff and other institutional investors, in order to seek higher returns than would be achieved through investments in funds that do not lend their securities.  Compl. ¶ 5.  Securities lending operates in the following manner:  When Plaintiff invested in the Common Trust Funds, State Street used its money to purchase securities for the Funds selected by Plaintiff.  Then, when State Street engages in "securities lending," it takes those securities and lends them to people or companies who are known as "borrowers."  *Id.*  The borrowers give cash to State Street to hold so that it has some assurance that the borrowers will return the securities.  State Street then invests the cash (or "collateral") in a "Collateral Pool," which is managed by State Street.  Compl. ¶¶ 5-7.  The Collateral Pool in turn invests its assets in various securities – primarily fixed income investments.  Income earned from the cash Collateral Pool is shared between State Street and the

2

Common Trust Funds, thus enhancing the rate of return of the Common Trust Funds that lend their securities.  *See* Compl. ¶¶ 5-8.

Goodyear VEBA made its first investment in a Common Trust Fund managed by State Street on September 30, 2008.  Compl. ¶ 15.  Between September 30, 2008 and September 30, 2010, Goodyear VEBA invested in six Common Trust Funds:  "Credit 1-3 Year Index SL CTF; Passive Bond Market SL CTF; Russell 3000 Lending Index CTF; MSCI EAFE Index SL CTF; Credit 3-10 Year Index SL CTF; and the MSCI Emerging Markets Index SL CTF."  *Id.*

### C.    Plaintiff's Claims

The Complaint asserts three claims against State Street.  Count I alleges that Defendants breached ERISA Section 406 by engaging in self-dealing and prohibited transactions by causing the Common Trust Funds to loan their securities through affiliated entities.  Compl. ¶¶ 40, 55-60. Count II alleges that State Street breached ERISA Section 404 because it took "unreasonable compensation" for providing securities lending services to the Common Trust Funds.  Compl. ¶¶ 61-68.

Based upon the very same alleged facts, which Plaintiff "incorporate[s] by reference and reallege[s]," Compl. ¶ 69, Count III pleads a breach of fiduciary duty under Massachusetts common law for failure to loyally and prudently manage the Common Trust Funds in which Goodyear VEBA invested.  Compl. ¶¶ 69-73.  Although Count III invokes ERISA as a source of liability in the state law claim, Plaintiff seeks an alternative damage remedy to that expressly provided in ERISA.  *See* Compl. ¶ 72 ("Contrary to their duties and obligations *under ERISA*, Defendants failed loyally and prudently to manage the assets of the Goodyear VEBA and the Plans").  Thus, the Massachusetts common law claim is wholly duplicative and derivative of the ERISA claims.

**ARGUMENT**

I.   **ERISA PREEMPTS PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY UNDER MASSACHUSETTS COMMON LAW**

The power of Congress to preempt state law derives from the Supremacy Clause of Article VI of the Constitution. *See Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 368 (1986); *French v. Pan Am Express, Inc.*, 869 F.2d 1, 2 (1st Cir. 1989). Preemption may be express or implied. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95 (1983); *French*, 869 F.2d at 2. The "question of whether federal law preempts [the application of state law] is one of congressional intent." *French*, 869 F.2d at 2. Express preemption occurs "when Congress has 'unmistakably . . . ordained' that its enactments alone are to regulate a [subject, and] state law regulating that subject must fall." *Greenwood Trust Co. v. Mass.*, 971 F.2d 818, 822 (1st Cir. 1992) (quoting *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977)). Implied preemption occurs "when a federal regulatory scheme is so pervasive as to warrant an inference that Congress did not intend the states to supplement it" – so-called "field preemption." *Grant's Dairy-Me., LLC. v. Comm'r of Me. Dep't of Agric., Food & Rural Res.*, 232 F.3d 8, 15 (1st Cir. 2000) (citing *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992)). Both express and implied preemption have application to Plaintiff's Massachusetts common law claim.

A.   **The Common Law Claim Is Expressly Preempted By Section 514(a) Insofar As It "Relates to" An ERISA-Covered Plan**

Congress has determined that ERISA broadly preempts state laws relating to covered employee benefit plans. The starting point in this analysis appears in ERISA's express preemption clause. Section 514(a) states that "the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan" subject to ERISA. 29 U.S.C. § 1144(a) (emphasis added); *see Hampers v. W.R.*

4

*Grace & Co.*, 202 F.3d 44, 48 (1st Cir. 2000); *Carpenters Local Union No. 26 v. United States Fid. & Guar. Co.*, 215 F.3d 136, 140 (1st Cir. 2000).[1]   The term "State laws" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."  29 U.S.C. § 1144(c)(1); *see Hampers*, 202 F.3d at 49.  It also encompasses state common law.  *See Hampers*, 202 F.3d at 48-54 (finding that ERISA preempts state common law claim); *Curran v. Camden Nat'l Corp.*, 477 F. Supp. 2d 247, 258 (D. Me. 2007) (the definition of "State law" in ERISA's preemption clause includes "state common law causes of action to enforce rights under an ERISA plan"); *Goldberg v. Unum Life Ins. Co. of Am.*, 527 F. Supp. 2d 164, 169 (D. Me. 2007) ("Statutory provisions, court decisions, common law causes of action and state law from all other sources are encompassed by ERISA's sweeping preemption clause").

The Supreme Court has recognized the enormous breadth of the express preemption provision, stating that "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.  To this end, ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation be 'exclusively a federal concern.'"  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (citations omitted); *see Hampers*, 202 F.3d at 49 (noting that ERISA's preemption provision is "conspicuous for its breadth") (quoting *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990)); *Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 591 (1st Cir. 1995) ("Congress painted with a broad brush when it added an express preemption clause to the ERISA canvas").

---

[1]     *See also Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 96 (1983) (explaining that several provisions of ERISA, including § 514(a), "speak expressly to the question of pre-emption"); *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 522-23 (1981) (Section 514(a) is "an explicit congressional statement about the pre-emptive effect of [enacting ERISA]" that "demonstrates that Congress intended to depart from its previous legislation that 'envisioned the exercise of state regulation power over pension funds'") (citation omitted).

Express ERISA preemption analysis "involves two central questions:  (1) whether the plan at issue is an 'employee benefit plan' and (2) whether the cause of action 'relates to' this employee benefit plan."  *Hampers*, 202 F.3d at 49 (quoting *McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 36 (1st Cir. 1998)).  Plaintiff has conceded that Goodyear VEBA is "an employee welfare benefit plan within the meaning of ERISA §3(1)."  Compl. ¶ 2.

The preemption analysis then turns to whether Plaintiff's state law cause of action "relates to" the Goodyear VEBA plan.  The First Circuit's approach for consideration of this second question is detailed in *Hampers v. W.R. Grace & Co.*, 202 F.3d 44 (1st Cir. 2000).  In that case, the plaintiff alleged that the defendant-employer excluded him from participating in a supplemental executive retirement plan, and that this exclusion constituted a breach of his employment contract under state common law as well as a breach of fiduciary duty under ERISA.  *Id*. at 45-47.  The plaintiff alleged that his employment contract and his rights under state law entitled him to participate in all retirement benefits provided by the defendant.  *Id.* at 47.  The plaintiff also alleged that this exclusion gave rise to a breach of fiduciary duty claim under ERISA because the supplemental retirement plan from which he was excluded was an "employee benefits plan" under ERISA and the defendant-employer was a fiduciary to that plan. *Id.*

In concluding that the state law claim was preempted, the First Circuit observed that there are certain "categories of state laws that 'relate to' ERISA plans in such a way that preemption of those laws" furthers ERISA's underlying purpose.  *Id.* at 51.  One of those categories, which had "particular relevance" to the Court's inquiry, is state law causes of action that provide "alternative enforcement mechanisms" to ERISA's enforcement regime.  *Id.*  The Court found that the state law claim asserted by the plaintiff constituted an "alternative enforcement

mechanism," and was therefore preempted, because the claim was merely an attempt to seek recovery for conduct that also presented a cause of action under ERISA.  *Id.* at 51-52, 54.  In particular, the Court held:  "[Plaintiff's] complaint alleged a cause of action under ERISA *based on precisely the same conduct that underlies [plaintiff's] state law contract claim*. …  That the very same conduct . . . underlies both [plaintiff's] state law contract claim and his ERISA-benefits claim suggests that the state law claim is an alternative mechanism for obtaining ERISA plan benefits."  *Id.* at 51-52 (emphasis added).

Since *Hampers*, the First Circuit has consistently held that state law causes of action that provide an "alternative enforcement mechanism" necessarily "relate to" ERISA-regulated plans and are therefore preempted.  *See Carpenters*, 215 F.3d at 140 ("It is well accepted . . . that state laws which furnish alternative enforcement mechanisms threaten the uniformity that Congress labored to achieve and thus are preempted by ERISA"); *Zipperer v. Raytheon Co.*, 493 F.3d 50, 53-54 (1st Cir. 2007) (negligence claim under Massachusetts law preempted because it "would impermissibly create an alternative enforcement scheme to ERISA's own recordkeeping and reporting requirements") (quotation marks and citation omitted); *Anthony v. Jetdirect Aviation, Inc.*, 725 F. Supp. 2d 249, 256 (D. Mass. 2010).  Courts in other circuits are in accord.  For example, in *Nelson v. Nielsen Media Research Inc.*, the plaintiff's claims were found to be preempted because they "'merely amount[ed] to an alternative theory of recovery for conduct

actionable under ERISA.'"  207 F. Supp. 2d 300, 303 (S.D.N.Y. 2002) (quoting *Diduck v.*

*Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 288 (2d Cir. 1992)).[2]

Here, the common law claim Plaintiff purports to assert is an "alternate enforcement

mechanism," and thus "relates to" ERISA under Section 514(a) – and so is preempted.  The

Massachusetts common law claim is "based on precisely the same conduct that underlies" the

ERISA claims, *Hampers*, 202 F.3d at 52-53, and "merely amounts to an alternative theory of

recovery for conduct actionable under ERISA," *Nelson*, 207 F. Supp. 2d at 303.  The Complaint

offers no independent factual basis for the Massachusetts common law claim and the legal theory

alleged incorporates by reference "each and every allegation" that forms the basis of the ERISA

claims.  *See* Compl. ¶ 69; *see also id.* at ¶ 72 (claiming violation of Massachusetts law, but

alleging that "[c]ontrary to their duties and obligations *under ERISA*, Defendants failed loyally

and prudently to manage the assets of the Goodyear VEBA and the Plans") (emphasis added);

*see also id.* at ¶¶ 70-71.  *Compare* Compl. ¶ 73 (loss allegations for the Massachusetts common

law claim), *with* Compl. ¶ 67 (nearly identical loss allegations for the Section 404 ERISA

Claim).

Accordingly, because Plaintiff is an ERISA-covered plan (Compl. ¶ 2) seeking an

"alternative enforcement mechanism" under Massachusetts common law, Count III is preempted.

---

[2]      *See also Peach v. Ultramar Diamond Shamrock*, 229 F. Supp. 2d 759, 771 (E.D. Mich.
2002) ("The unjust enrichment and *quantum meruit* claims, as well as the breach of fiduciary
duty claim, are merely a re-characterization of the claim for benefits.  They are barred by the
preemptive effect of ERISA's legislative scheme."), *aff'd*, 109 F. App'x 711 (6th Cir. 2004); *In
re Enron Corp. Secs., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 682 (S.D. Tex. 2003)
(finding that the "relief available" for state law civil conspiracy claims seeking recovery of
allegedly looted plan assets "would . . . compromise the kind of alternative enforcement
mechanism that is precluded by ERISA's civil enforcement provisions") (citing *Pilot Life Ins.
Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)).

B.   **The Common Law Claim Pursues a Supplemental Remedy To That Provided By ERISA and Is Preempted By Section 502(a)**

The "carefully integrated civil enforcement provisions" in ERISA Section 502(a) are "'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'"  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) (emphasis in original)).  The duplication or supplementation of ERISA remedies that Plaintiff seeks in Count III is in conflict with the enforcement provisions of Section 502.  *See Davila*, 542 U.S. at 209 ("[A]ny state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"); *Pilot Life*, 481 U.S. at 57 (noting "the clear expression of congressional intent that ERISA's civil enforcement scheme be exclusive"); *Hampers*, 202 F.3d at 50 ("The policy choices reflected in the inclusion of certain remedies [in Section 502(a)] and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.") (quotation omitted).

Section 502(a) broadly preempts state law causes of action, even where those causes of action are not preempted by Section 514:

> Section 502(a), by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded.  A state cause of action that would fall within the scope of this remedial scheme is preempted as conflicting with the intended exclusivity of the remedies provided for by ERISA's remedial scheme, even if those causes of action would not necessarily be preempted by section 514(a).

*Goldberg*, 527 F. Supp. 2d at 171.

9

Here, the Massachusetts common law claim expressly references and incorporates the ERISA enforcement scheme.  The Complaint alleges that the Massachusetts common law claim is based upon conduct undertaken by Defendants that was "[c]ontrary to their duties and obligations *under ERISA*."  Compl. ¶ 72 (emphasis added).  Because the Massachusetts common law claim is not based upon an independent legal duty and is factually identical to the ERISA claims, it is preempted by Section 502(a).  *See Davila*, 542 U.S. at 210; *Goldberg*, 527 F. Supp. 2d at 172 (common law claims preempted under Section 502(a) because artfully pleading a state law claim where the relief sought is duplicative of an ERISA claim is an impermissible "end run around ERISA's exclusive enforcement mechanism"); *cf. Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1288 (11th Cir. 2011) (state law breach of fiduciary duty and improper disclosure claims were not based upon an independent legal duty because the alleged violations arose "from the relationship established by the Plan and [the defendant's] duties under ERISA").

## II.    THE BREACH OF FIDUCIARY DUTY CLAIM UNDER MASSACHUSETTS COMMON LAW IS BARRED BY THE THREE YEAR STATUTE OF LIMITATIONS

A breach of fiduciary duty claim in Massachusetts is governed by the three-year limitations period set forth in Mass. Gen. Law ch. 260, § 2A.  The statute provides:  "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."  *See Cohen v. State Street Bank & Trust Co.*, 893 N.E.2d 425, 429 (Mass. App. Ct. 2008) (affirming lower court's ruling that a three year statute of limitations governs breach of fiduciary duty claims pursuant to Mass. Gen. Law ch. 260, § 2A); *see also Doe v. Harbor Sch., Inc.*, 843 N.E.2d 1058, 1065 (Mass. 2006); *Demoulas v. Demoulas Super Mkts., Inc.*, 677 N.E.2d

10

159, 172-73 (Mass. 1997); *Lawson v. Affirmative Equities Co., L.P.*, 341 F. Supp. 2d 51, 68 (D. Mass. 2004).

Here, Goodyear VEBA invested in the Common Trust Funds on September 30, 2008. Compl. ¶ 15.  Any claim for breach of fiduciary duty began to run on that date.  *See Doe*, 843 N.E.2d at 1067 (a cause of action for breach of fiduciary duty accrues for limitations purposes when a plaintiff knows, or should know, "facts sufficient to make a causative link between" the fiduciary's conduct and the alleged injury).  This is especially true where, as here, Plaintiff has not alleged that Goodyear VEBA was unaware of the fees charged by Defendants, or the fees associated with alternative investment products offered by State Street's competitors, or that a State Street affiliate provided securities lending services to the Common Trust Funds.

For this reason, the time for initiating the state law claim expired on September 30, 2011 – more than 15 months prior to the date Plaintiff initiated this action (January 21, 2013).  Count III should be dismissed as time barred.  *See Santana-Castro v. Toledo-Davila*, 579 F.3d 109, 113-14 (1st Cir. 2009) ("Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings.  Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate") (quotation marks and citation omitted); *see also Santiago v. American Airlines, Inc.*, 840 F. Supp. 2d 500, 506 (D.P.R. 2012) ("From the allegations in the complaint it also appears that Plaintiff's cause of action is time barred.  Plaintiff suffered the injury on July 2, 2008, and filed suit in state court on April 6,

2011, after the one year statute of limitations had elapsed.  Plaintiff failed to properly plead when and how the statute of limitations was tolled.").

## CONCLUSION

For the foregoing reasons, the motion to dismiss Count III should be granted.

Dated: April 16, 2013

Respectfully submitted,

 /s/ Lori A. Martin

Lori A. Martin (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
Christopher Bouchoux (*pro hac vice*)
Sara N. Raisner (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
lori.martin@wilmerhale.com

Jeffrey B. Rudman (BBO #433380)
Eric G. Penley (BBO #678920)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
jeffrey.rudman@wilmerhale.com

*Counsel for Defendants State Street Corporation and State Street Bank & Trust Company (including its division State Street Global Advisors)*