# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| The Retirees of the **Goodyear Tire and Rubber Company Health Care Trust Committee,** | ) ) ) ) | |
| ***and all others similarly situated,*** | ) ) | **CIVIL ACTION NO. 1:13-CV-10124** |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORAL ARGUMENT REQUESTED** |
| **State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,** | ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT III OF THE AMENDED COMPLAINT

Jeffrey B. Rudman (BBO #433380)
Eric G. Penley (BBO # 678920)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Lori A. Martin (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
Christopher Bouchoux (*pro hac vice*)
Sara N. Raisner (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888

*Counsel for Defendants State Street
Corporation and State Street Bank and Trust
Company (including its division State Street
Global Advisors)*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF ALLEGED FACTS ...................................................................................... 2

    A.   The Parties ..................................................................................................... 2

    B.   The Securities Lending Program ................................................................... 3

    C.   Plaintiff's Claims .......................................................................................... 4

ARGUMENT ............................................................................................................................. 5

I.   ERISA PREEMPTS PLAINTIFF'S CLAIM FOR BREACH OF
FIDUCIARY DUTY UNDER MASSACHUSETTS COMMON LAW ............................. 5

    A.   The Common Law Claim Is Expressly Preempted By Section
514(a) Insofar As It "Relates to" An ERISA-Covered Plan ............................ 5

    B.   The Common Law Claim Pursues a Supplemental Remedy
To That Provided By ERISA and Is Preempted By Section 502(a) ............................ 10

II.   THE BREACH OF FIDUCIARY DUTY CLAIM UNDER
MASSACHUSETTS COMMON LAW IS BARRED BY THE
THREE YEAR STATUTE OF LIMITATIONS ................................................................. 12

CONCLUSION ........................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.*,
 64 F. Supp. 147 (S.D.N.Y. 1997) ........................................................................ 12

*Aetna Health Inc. v. Davila*,
 542 U.S. 200 (2004) ................................................................................. 6, 9, 10

*Alessi v. Raybestos-Manhattan, Inc.*,
 451 U.S. 504 (1981) ............................................................................................ 5

*Anthony v. Jetdirect Aviation, Inc.*,
 725 F. Supp. 2d 249 (D. Mass. 2010) ................................................................. 8

*Board of Trustees of the Operating Engineers Pension Trust v. JPMorgan Chase Bank*,
 No. 09 Civ. 9333 (BSJ)(DCF), 2012 WL 1382274 (S.D.N.Y. April 20, 2012) ...... 12

*BookLocker.com, Inc. v. Amazon.com, Inc.*,
 650 F. Supp. 2d 89 (D. Me. 2009) ...................................................................... 9

*Carpenters Local Union No. 26 v. United States Fid. & Guar. Co.*,
 215 F.3d 136 (1st Cir. 2000) ........................................................................... 5, 7

*Columbia Air Services, Inc. v. Fidelity Management Trust Co.*,
 No. 07-11344-GAO, 2008 WL 4457861 (D. Mass. Sept. 30, 2008) ................... 13

*Cohen v. State Street Bank & Trust Co.*,
 893 N.E.2d 425 (Mass. App. Ct. 2008) ............................................................. 11

*Curran v. Camden National Corp.*,
 477 F. Supp. 2d 247 (D. Me. 2007) ..................................................................... 5

*Demoulas v. Demoulas Super Markets, Inc.*,
 677 N.E.2d 159 (Mass. 1997) ........................................................................... 11

*Devlin v. Scardelletti*,
 536 U.S. 1 (2002) ................................................................................................ 9

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
 974 F.2d 270 (2d Cir. 199) .................................................................................. 8

*Doe v. Harbor Schools, Inc.*,
 843 N.E.2d 1058 (Mass. 2006) ......................................................................... 11

ii

*Ehlen Floor Covering, Inc. v. Lamb*,
   660 F.3d 1283 (11th Cir. 2011) ........................................................................ 11

*F.H. Krear & Co. v. Nineteen Named Trustees*,
   810 F.2d 1250 (2d Cir. 1987) ........................................................................... 13

*FMC Corp. v. Holliday*,
   498 U.S. 52 (1990) ............................................................................................. 6

*French v. Pan Am Express, Inc.*,
   869 F.2d 1 (1st Cir. 1989) .................................................................................. 4

*Gade v. National Solid Wastes Management Ass'n*,
   505 U.S. 88 (1992) ............................................................................................. 5

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001) ............................................................................. 9

*Goldberg v. Unum Life Insurance Co. of America*,
   527 F. Supp. 2d 164 (D. Me. 2007) ............................................................. 5, 10

*Grant's Dairy-Maine, LLC. v. Commissioner of Maine Dep't of Agric., Food & Rural Res.*,
   232 F.3d 8 (1st Cir. 2000) .................................................................................. 5

*Greenwood Trust Co. v. Massachusetts*,
   971 F.2d 818 (1st Cir. 1992) .............................................................................. 4

*Hampers v. W.R. Grace & Co.*,
   202 F.3d 44 (1st Cir. 2000) ...................................................................... *passim*

*In re Enron Corp. Securities, Derivative & ERISA Litigation*,
   284 F. Supp. 2d 511 (S.D. Tex. 2003) .............................................................. 8

*Jones v. Rath Packing Co.*,
   430 U.S. 519 (1977) .......................................................................................... 5

*Lawson v. Affirmative Equities Co., L.P.*,
   341 F. Supp. 2d 51 (D. Mass. 2004) ............................................................... 11

*Louisiana Public Service Commission v. FCC*,
   476 U.S. 355 (1986) .......................................................................................... 4

*Marks v. Independence Blue Cross*,
   71 F. Supp. 2d 432 (E.D. Pa. 1999)) ............................................................... 12

iii

*Massachusetts Mutual Life Insurance Co. v. Russell*,
    473 U.S. 134, 146 (1985)....................................................................................... 9

*McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*,
    Civil Action No. 09-10159, 2012 U.S. Dist. LEXIS 165613 (D. Mass. Nov. 20, 2012) ........ 13

*McMahon v. Digital Equipment Corp.*,
    162 F.3d 28 (1st Cir. 1998)..................................................................................... 6

*Nelson v. Nielsen Media Research Inc.*,
    207 F. Supp. 2d 300 (S.D.N.Y. 2002).................................................................... 8

*Novella v. Westchester Cty.*, 661 F.3d 128 (2d Cir. 2011)……………………………………13

*Peach v. Ultramar Diamond Shamrock*,
    229 F. Supp. 2d 759 (E.D. Mich. 2002),
    *aff'd*, 109 F. App'x 711 (6th Cir. 2004)................................................................. 8

*Phillips v. Alaska Hotel & Restaurant Employees Pension Fund*,
    944 F.2d 509 (9th Cir. 1991) ................................................................................ 13

*Pilot Life Insurance Co. v. Dedeaux*,
    481 U.S. 41 (1987)................................................................................... 8, 9, 10

*Pruell v. Caritas Christi*, 645 F.3d 81 (1st Cir. 2011)……………………………………….........9

*Renfro v. Unisys Corp.*,
    671 F.3d 314 (3d Cir. 2011).................................................................................. 13

*Santana-Castro v. Toledo-Davila*,
    579 F.3d 109 (1st Cir. 2009)................................................................................. 13

*Santiago v. American Airlines, Inc.*,
    840 F. Supp. 2d 500 (D.P.R. 2012)........................................................................ 14

*Shaw v. Delta Air Lines, Inc.*,
    463 U.S. 85 (1983)............................................................................................ 4, 5

*Williams v. Ashland Engineering Co.*,
    45 F.3d 588 (1st Cir. 1995) .................................................................................. 6

*Zipperer v. Raytheon Co.*,
    493 F.3d 50 (1st Cir. 2007)................................................................................... 8

iv

**Statutes**

29 U.S.C. § 1144(a) .......................................................................................................... 6

29 U.S.C. § 1144(c)(1) ...................................................................................................... 7

ERISA Section 502(a) ....................................................................................................... 11

Mass. Gen. Law ch. 260, § 2A ......................................................................................... 12

Defendants State Street Corporation and State Street Bank and Trust Company (together with its State Street Global Advisors division) ("State Street") submit this memorandum of law in support of their motion to dismiss Count III of the Amended Complaint for failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

This is Plaintiff's second bite at the apple in its effort to assert virtually identical claims under both the Employee Retirement Income Security Act ("ERISA") and Massachusetts common law.  In its original complaint, Plaintiff acknowledged that its breach of fiduciary duty claim was premised upon identical facts as the ERISA claim.  Indeed, the original complaint asserted that the breach of fiduciary duty claim arose because State Street allegedly breached its "duties and obligations under ERISA."  Complaint, dated January 21, 2013, at ¶ 72 (Dkt. No. 1). State Street moved to dismiss the common law claim because ERISA preempts state law claims relating to covered employee benefit plans.  Plaintiff amended its complaint and did not respond to the motion.

Now comes Plaintiff with an Amended Complaint.  Like its predecessor, the Amended Complaint seeks to pursue ERISA claims and Massachusetts common law claims on behalf of covered employee benefit plans.  The Amended Complaint suffers from the same legal deficiency as its predecessor, and presents the following legal issue:  does ERISA preempt a Massachusetts state law claim for breach of fiduciary duty with respect to the management of plan assets?  ERISA has an express preemption provision and supersedes all state laws relating to covered employee benefit plans.  In addition, ERISA creates an exclusive civil enforcement regime for covered plans.  Count III seeks common law remedies that provide an "alternative enforcement mechanism" to ERISA's enforcement regime and are expressly barred by ERISA.

Because Congress has concluded that the remedies available in ERISA are exclusive for covered plans, the Massachusetts common law claim should be dismissed.

In an attempt to escape dismissal on preemption grounds, Plaintiff suggests that Count III should apply to "entities that are determined not to be covered by ERISA." Am. Compl. ¶ 69. The entities not covered by ERISA are left to the imagination, as there is no plaintiff in this action that could assert such a claim. Because this plaintiff has averred that it is an ERISA-covered plan (Am. Compl. ¶ 2), it cannot pursue supplemental state law claims and has no legal standing to pursue Count III.

The Massachusetts common law claim is deficient for an additional reason. A breach of fiduciary duty claim is governed by a three year statute of limitations in Massachusetts. Plaintiff initiated this action more than three years after the claim arose and it is, thus, time-barred.

## STATEMENT OF ALLEGED FACTS

### A.    The Parties

Plaintiff is The Retirees of the Goodyear Tire & Rubber Company Health Care Trust Committee (the "Committee"). It brings this action on behalf of the Goodyear Tire & Rubber Company Health Care Plan and Trust ("Goodyear VEBA"), an "employee welfare benefit plan within the meaning of ERISA §3(1)." Am. Compl. ¶ 2. Goodyear VEBA provides "health and welfare benefits to its participants, all of whom are retirees from and former employees of Goodyear, or their spouses or dependents." *Id.*

Defendant State Street Corporation ("SSC") is a financial holding company organized under the laws of the Commonwealth of Massachusetts. Am. Compl. ¶ 17. State Street Bank and Trust Company ("SSBT") is a Massachusetts trust company and wholly-owned subsidiary of State Street Corporation. Am. Compl. ¶ 16. Plaintiff alleges that SSBT is the investment

manager of the Common Trust Funds in which Goodyear VEBA invested.  *Id.*  State Street

Global Advisors ("SSgA") is an unincorporated division of SSBT and the "Investment Manager

. . . for some or all of the Common Trusts that State Street Defendants offer and manage."  Am.

Compl. ¶ 18.  Plaintiff alleges that both SSBT and SSgA are fiduciaries to the Common Trust

Funds.  Am. Compl. ¶¶ 16, 18; *see id.* at ¶ 3.

       **B.**     **The Securities Lending Program**

Securities lending is an investment practice, selected by Plaintiff and other institutional

investors, in order to seek higher returns than would be achieved through investments in funds

that do not lend their securities.  Am. Compl. ¶ 5.  Securities lending operates in the following

manner:  When Plaintiff invested in the Common Trust Funds, State Street used that money to

purchase securities for the Funds selected by Plaintiff.  Then, when State Street engages in

"securities lending," it takes those securities and lends them to people or companies who are

known as "borrowers."  *Id.*  The borrowers give cash to State Street to hold so that it has some

assurance that the borrowers will return the securities.  State Street then invests the cash (or

"collateral") in a "Collateral Pool," which is managed by State Street.  Am. Compl. ¶¶ 5-7.  The

Collateral Pool in turn invests its assets in various securities – primarily fixed income

investments.  Income earned from the cash Collateral Pool is shared between State Street and the

Common Trust Funds, thus enhancing the rate of return of the Common Trust Funds that lend

their securities.  *See* Am. Compl. ¶¶ 5-8.

Goodyear VEBA made its first investment in a Common Trust Fund managed by State

Street on September 30, 2008.  Am. Compl. ¶ 15.  Between September 30, 2008 and September

30, 2010, Goodyear VEBA invested in six Common Trust Funds:  "Credit 1-3 Year Index SL

CTF; Passive Bond Market SL CTF; Russell 3000 Lending Index CTF; MSCI EAFE Index SL CTF; Credit 3-10 Year Index SL CTF; and the MSCI Emerging Markets Index SL CTF." *Id.*

### C.   Plaintiff's Claims

The Amended Complaint asserts three claims against State Street.  Count I alleges that Defendants breached ERISA Section 406 by engaging in self-dealing and prohibited transactions by causing the Common Trust Funds to loan their securities through affiliated entities.  Am. Compl. ¶¶ 40-41, 55-60.  Count II alleges that State Street breached ERISA Section 404 because it took "unreasonable compensation" for providing securities lending services to the Common Trust Funds.  Am. Compl. ¶¶ 40-41, 61-68.

Based upon the very same alleged facts, Count III pleads a breach of fiduciary duty under Massachusetts common law for failure to loyally and prudently manage the Common Trust Funds in which Goodyear VEBA invested.  Am. Compl. ¶¶ 69-75.  Although the same central facts underlie the ERISA claims and the common law claim, Plaintiff seeks an alternative damages remedy to that expressly provided in ERISA.  Am. Compl. ¶¶ 69-72.  Count III does not, however, assert an independent factual basis for the Massachusetts common law claim.  The Amended Complaint also does not allege a theory of damages for Count III that is distinct from the ERISA claims.  *Compare* Am. Compl. ¶ 75 (loss allegations for the Massachusetts common law claim), *with* Compl. ¶ 67 (loss allegations for the Section 404 ERISA Claim).

**ARGUMENT**

**I.    ERISA PREEMPTS PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY UNDER MASSACHUSETTS COMMON LAW**

The power of Congress to preempt state law derives from the Supremacy Clause of Article VI of the Constitution. *See Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 368 (1986); *French v. Pan Am Express, Inc.*, 869 F.2d 1, 2 (1st Cir. 1989). Preemption may be express or implied. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95 (1983); *French*, 869 F.2d at 2. The "question of whether federal law preempts [the application of state law] is one of congressional intent." *French*, 869 F.2d at 2. Express preemption occurs "when Congress has 'unmistakably . . . ordained' that its enactments alone are to regulate a [subject, and] state laws regulating that [subject] must fall." *Greenwood Trust Co. v. Mass.*, 971 F.2d 818, 822 (1st Cir. 1992) (quoting *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977)). Implied preemption occurs "when a federal regulatory scheme is so pervasive as to warrant an inference that Congress did not intend the states to supplement it" – so-called "field preemption." *Grant's Dairy-Me., LLC. v. Comm'r of Me. Dep't of Agric., Food & Rural Res.*, 232 F.3d 8, 15 (1st Cir. 2000) (citing *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992)). Both express and implied preemption have application to Plaintiff's Massachusetts common law claim.

**A.    The Common Law Claim Is Expressly Preempted By Section 514(a) Insofar As It "Relates to" An ERISA-Covered Plan**

Congress has determined that ERISA broadly preempts state laws relating to covered employee benefit plans. The starting point in this analysis appears in ERISA's express preemption clause. Section 514(a) states that "the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan" subject to ERISA. 29 U.S.C. § 1144(a) (emphasis added); *see Hampers v. W.R.*

5

*Grace & Co.*, 202 F.3d 44, 48 (1st Cir. 2000); *Carpenters Local Union No. 26 v. United States Fid. & Guar. Co.*, 215 F.3d 136, 140 (1st Cir. 2000).[1]  The term "State laws" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."  29 U.S.C. § 1144(c)(1); *see Hampers*, 202 F.3d at 49.  It also encompasses state common law.  *See Hampers*, 202 F.3d at 48-54 (finding that ERISA preempts state common law claim); *Curran v. Camden Nat'l Corp.*, 477 F. Supp. 2d 247, 258 (D. Me. 2007) (the definition of "State law" in ERISA's preemption clause includes "state common law causes of action to enforce rights under an ERISA plan"); *Goldberg v. Unum Life Ins. Co. of Am.*, 527 F. Supp. 2d 164, 169 (D. Me. 2007) ("Statutory provisions, court decisions, common law causes of action and state law from all other sources are encompassed by ERISA's sweeping preemption clause").

The Supreme Court has recognized the enormous breadth of ERISA's express preemption provision, stating that "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.  To this end, ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation be 'exclusively a federal concern.'"  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (citations omitted); *see Hampers*, 202 F.3d at 49 (noting that ERISA's preemption provision is "conspicuous for its breadth") (quoting *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990)); *Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 591 (1st Cir. 1995) ("Congress painted with a broad brush when it added an express preemption clause to the ERISA canvas").

---

[1]     *See also Shaw*, 463 U.S. at 96 (explaining that several provisions of ERISA, including § 514(a), "speak expressly to the question of pre-emption"); *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 522-23 (1981) (Section 514(a) is "an explicit congressional statement about the pre-emptive effect of [enacting ERISA]" that "demonstrates that Congress intended to depart from its previous legislation that 'envisioned the exercise of state regulation power over pension funds'") (citation omitted).

Express ERISA preemption analysis "involves two central questions:  (1) whether the plan at issue is an 'employee benefit plan' and (2) whether the cause of action 'relates to' this employee benefit plan."  *Hampers*, 202 F.3d at 49 (quoting *McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 36 (1st Cir. 1998)).  Plaintiff has conceded that Goodyear VEBA is "an employee welfare benefit plan within the meaning of ERISA §3(1)."  Am. Compl. ¶ 2.

The preemption analysis then turns to whether Plaintiff's state law cause of action "relates to" the Goodyear VEBA plan.  The First Circuit's approach for consideration of this second question is detailed in *Hampers v. W.R. Grace & Co.*, 202 F.3d 44 (1st Cir. 2000).  In that case, the plaintiff alleged that the defendant-employer excluded him from participating in a supplemental executive retirement plan, and that this exclusion constituted both a breach of his employment contract under state common law and a breach of fiduciary duty under ERISA.  *Id.* at 45-47.  The plaintiff alleged that his employment contract and his rights under state law entitled him to participate in all retirement benefits provided by the defendant.  *Id.* at 47.  The plaintiff also alleged that this exclusion gave rise to a breach of fiduciary duty claim under ERISA because the supplemental retirement plan from which he was excluded was an "employee benefits plan" under ERISA and the defendant-employer was a fiduciary to that plan. *Id.*

In concluding that the state law claim was preempted, the First Circuit observed that there are certain "categories of state laws that 'relate to' ERISA plans in such a way that preemption of those laws" furthers ERISA's underlying purpose.  *Id.* at 51.  One of those categories, which had "particular relevance" to the Court's inquiry, is state law causes of action that provide "alternative enforcement mechanisms" to ERISA's enforcement regime.  *Id.*  The court found that the state law claim asserted by the plaintiff constituted an "alternative enforcement

mechanism," and was therefore preempted, because the claim was merely an attempt to seek recovery for conduct that also presented a cause of action under ERISA. *Id.* at 51-52, 54. In particular, the Court held: "[Plaintiff's] complaint alleged a cause of action under ERISA *based on precisely the same conduct that underlies [plaintiff's] state law contract claim.* … That the very same conduct . . . underlies both [plaintiff's] state law contract claim and his ERISA-benefits claim suggests that the state law claim is an alternative mechanism for obtaining ERISA plan benefits." *Id.* at 51-52 (emphasis added).

Since *Hampers*, the First Circuit has consistently held that state law causes of action that provide an "alternative enforcement mechanism" necessarily "relate to" ERISA-regulated plans and are therefore preempted. *See Carpenters*, 215 F.3d at 140 ("It is well accepted . . . that state laws which furnish alternative enforcement mechanisms threaten the uniformity that Congress labored to achieve and thus are preempted by ERISA"); *Zipperer v. Raytheon Co.*, 493 F.3d 50, 53-54 (1st Cir. 2007) (negligence claim under Massachusetts law preempted because it "would impermissibly create an alternative enforcement scheme to ERISA's own recordkeeping and reporting requirements") (quotation marks and citation omitted); *Anthony v. Jetdirect Aviation, Inc.*, 725 F. Supp. 2d 249, 256 (D. Mass. 2010). Courts in other circuits are in accord. For example, in *Nelson v. Nielsen Media Research Inc.*, the plaintiff's claims were found to be preempted because they "'merely amount[ed] to an alternative theory of recovery for conduct

actionable under ERISA.'"  207 F. Supp. 2d 300, 303 (S.D.N.Y. 2002) (quoting *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 288 (2d Cir. 1992)).[2]

Here, the common law claim Plaintiff purports to assert is an "alternate enforcement mechanism," and thus "relates to" an ERISA-covered plan under Section 514(a) – and so is preempted.  The Massachusetts common law claim is "based on precisely the same conduct that underlies" the ERISA claims, *Hampers*, 202 F.3d at 52-53, and "merely amounts to an alternative theory of recovery for conduct actionable under ERISA," *Nelson*, 207 F. Supp. 2d at 303.  The Amended Complaint offers no independent factual basis for the Massachusetts common law claim.  *See* Am. Compl. ¶¶ 69-72.  The Massachusetts common law claim at best duplicates the allegations forming the basis of the ERISA claims.  *Compare* Am. Compl. ¶¶ 69-72 & 75, *with* Am. Compl. ¶¶ 55-68.

Plaintiff cannot save the Massachusetts common law claim through the assertion that the claim applies to "entities that are determined not to be covered by ERISA."  Am. Compl. ¶ 69.  In this case, Plaintiff has alleged that it is an ERISA-covered plan.  Am. Compl. ¶ 2.  There are no entities not covered by ERISA before this Court.  *See BookLocker.com, Inc. v. Amazon.com, Inc.*, 650 F. Supp. 2d 89, 97 n.3 (D. Me. 2009) ("As a consequence of the pre-certification nature of the matter, for the purposes of assessing the pending motion to dismiss, the potential claims of putative class members other than the named plaintiff are simply not before the court") (citation

---

[2]    *See also Peach v. Ultramar Diamond Shamrock*, 229 F. Supp. 2d 759, 771 (E.D. Mich. 2002) ("The unjust enrichment and *quantum meruit* claims, as well as the breach of fiduciary duty claim, are merely a re-characterization of the claim for benefits.  They are barred by the preemptive effect of ERISA's legislative scheme."), *aff'd*, 109 F. App'x 711 (6th Cir. 2004); *In re Enron Corp. Secs., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 682 (S.D. Tex. 2003) (finding that the "relief available" for state law civil conspiracy claims seeking recovery of allegedly looted plan assets "would . . . compromise the kind of alternative enforcement mechanism that is precluded by ERISA's civil enforcement provisions") (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)).

and quotation marks omitted); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir.

2001) ("[A] class action, when filed, includes only the claims of the named plaintiff or plaintiffs.

The claims of unnamed class members are added to the action later, when the action is certified

as a class under Rule 23"); *cf. Pruell v. Caritas Christi*, 645 F.3d 81, 84 (1st Cir. 2011); *Devlin v.

Scardelletti*, 536 U.S. 1, 16 n.1 (2002) (describing as "novel and surely erroneous [an] argument

that a nonnamed class member is a party to the class-action litigation *before the class is

certified*") (Scalia, J., dissenting) (emphasis in opinion).

Accordingly, because Plaintiff is an ERISA-covered plan (Am. Compl. ¶ 2) seeking an

"alternative enforcement mechanism" under Massachusetts common law, Count III is preempted.

### B.   The Common Law Claim Pursues a Supplemental Remedy To That Provided By ERISA and Is Preempted By Section 502(a)

The "carefully integrated civil enforcement provisions" in ERISA Section 502(a) are

"'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot

to incorporate expressly.'"  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (quoting *Mass.

Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) (emphasis in original)).  The duplication

or supplementation of ERISA remedies that Plaintiff seeks in Count III is in conflict with the

enforcement provisions of Section 502.  *See Davila*, 542 U.S. at 209 ("[A]ny state-law cause of

action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts

with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-

empted"); *Pilot Life*, 481 U.S. at 57 (noting "the clear expression of congressional intent that

ERISA's civil enforcement scheme be exclusive"); *Hampers*, 202 F.3d at 50 ("The policy

choices reflected in the inclusion of certain remedies [in Section 502(a)] and the exclusion of

others under the federal scheme would be completely undermined if ERISA-plan participants

and beneficiaries were free to obtain remedies under state law that Congress rejected in

ERISA.") (quotation omitted).

Section 502(a) broadly preempts state law causes of action, even where those causes of

action are not preempted by Section 514:

> Section 502(a), by providing a civil enforcement cause of action, **completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded**.  A state cause of action that would fall within the scope of this remedial scheme is preempted as conflicting with the intended exclusivity of the remedies provided for by ERISA's remedial scheme, even if those causes of action would not necessarily be preempted by section 514(a).

*Goldberg*, 527 F. Supp. 2d at 171 (emphasis added).

Here, the Massachusetts common law claim seeks the same relief as the ERISA claims

brought under Section 502.  *Compare* Am. Compl. ¶ 75, *with* Am. Compl. ¶ 67; *see also id.* at

¶¶ 42, 51.  Moreover, the relief sought is premised upon allegations that are coterminous with

Plaintiff's ERISA claims.  Because the Massachusetts common law claim "duplicates,

supplements or supplants" the relief provided for in ERISA Section 502, and is factually

identical to the ERISA claims, it is preempted.  *See Davila*, 542 U.S. at 210; *Goldberg*, 527 F.

Supp. 2d at 172 (common law claims preempted under Section 502(a) because artfully pleading

a state law claim where the relief sought is duplicative of an ERISA claim is an impermissible

"end run around ERISA's exclusive enforcement mechanism"); *cf. Ehlen Floor Covering, Inc. v.

Lamb*, 660 F.3d 1283, 1288 (11th Cir. 2011) (state law breach of fiduciary duty and improper

disclosure claims were not based upon an independent legal duty because the alleged violations

arose "from the relationship established by the Plan and [the defendant's] duties under ERISA").

II.   **THE BREACH OF FIDUCIARY DUTY CLAIM UNDER MASSACHUSETTS COMMON LAW IS BARRED BY THE THREE YEAR STATUTE OF LIMITATIONS**

A breach of fiduciary duty claim in Massachusetts is governed by the three-year limitations period set forth in Mass. Gen. Law ch. 260, § 2A.  The statute provides:  "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."  *See Cohen v. State Street Bank & Trust Co.*, 893 N.E.2d 425, 429 (Mass. App. Ct. 2008) (affirming lower court's ruling that a three year statute of limitations governs breach of fiduciary duty claims pursuant to Mass. Gen. Law ch. 260, § 2A); *see also Doe v. Harbor Sch., Inc.*, 843 N.E.2d 1058, 1065 (Mass. 2006); *Demoulas v. Demoulas Super Mkts., Inc.*, 677 N.E.2d 159, 172-73 (Mass. 1997); *Lawson v. Affirmative Equities Co., L.P.*, 341 F. Supp. 2d 51, 68 (D. Mass. 2004).

Here, Goodyear VEBA invested in the Common Trust Funds on September 30, 2008.  Am. Compl. ¶ 15.  Any claim for breach of fiduciary duty began to run on that date.  *See Doe*, 843 N.E.2d at 1067 (a cause of action for breach of fiduciary duty accrues for limitations purposes when a plaintiff knows, or should know, "facts sufficient to make a causative link between" the fiduciary's conduct and the alleged injury).  This is especially true where, as here, Plaintiff has not alleged that Goodyear VEBA was unaware of the fees charged by Defendants, or the fees associated with alternative investment products offered by State Street's competitors, or that a State Street affiliate provided securities lending services to the Common Trust Funds.

Plaintiff seeks to extend the statute of limitations for this untimely claim through the newly added allegation that the Committee "was not aware" until late 2011 that Defendants' securities lending fees were "excessive compared to the standard in the industry and the fees that

12

Defendants charged other clients."  Am. Compl. ¶ 73.  This allegation is insufficient to toll the statute of limitations as State Street owed no fiduciary duty to Goodyear VEBA in the pre-contract negotiation of its fee.  *See Board of Trs. of the Operating Eng'rs Pension Trust v. JPMorgan Chase Bank*, No. 09 Civ. 9333 (BSJ)(DCF), 2012 WL 1382274, at *5 (S.D.N.Y. April 20, 2012) (holding that a financial services institution is not a fiduciary with respect to the terms of its compensation when it negotiates a prospective fee for securities lending services); *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Secs., Inc.*, 964 F. Supp. 147, 150 (S.D.N.Y. 1997) (holding that there was no fiduciary duty under ERISA at the time the parties reached agreement regarding the challenged conduct on the grounds that "[a]t that point, the plan and [defendant] were strangers.  [Defendant] had no control over the plan or its assets.  The plan trustee simply made his own decision to accept or reject [defendant's] offer.  In those circumstances, [defendant] was not a fiduciary."); *Marks v. Independence Blue Cross*, 71 F. Supp. 2d 432, 436 (E.D. Pa. 1999) (granting summary judgment to defendant on ERISA § 404 claim because defendant "did not perform a discretionary function with respect to the administration of the plan when it negotiated contract terms").[3]

Plaintiff's newly added allegation that it has suffered a "separate injury" each time State Street received the compensation for which it negotiated with Plaintiff is also unavailing.  Am. Compl. ¶ 74.  Continuous receipt of an agreed-upon fee does not constitute a new or unique

---

[3]     State Street cannot be a fiduciary because, prior to execution of the contract, it "has no authority over or responsibility to the plan and presumably is unable to exercise any control over the trustees' decision whether or not, and on what terms, to enter into an agreement"  *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1259 (2d Cir. 1987); *see Renfro v. Unisys Corp.*, 671 F.3d 314, 324 (3d Cir. 2011) ("a party does not act as a fiduciary with respect to the terms in the service agreement if it does not control the named fiduciary's negotiation and approval of those terms") (citation omitted); *Columbia Air Servs., Inc. v. Fidelity Mgmt. Trust Co.*, No. 07-11344-GAO, 2008 WL 4457861, at *3-4 (D. Mass. Sept. 30, 2008).

injury.  *Cf. Phillips v. Alaska Hotel & Rest. Emps. Pension Fund*, 944 F.2d 509, 520-521 (9th

Cir. 1991) (rejecting application of a "continuing violation theory" to an ERISA breach of

fiduciary duty claim because "[w]hile the trustees' conduct may be viewed as a series of

breaches, all were of the same character[.] … Once a plaintiff knew of one breach, an awareness

of later breaches would impart nothing materially new"); *Novella v. Westchester Cty.*, 661 F.3d

128, 146 (2d Cir. 2011) (characterizing the continuing violation theory as "inappropriate" where

"[the] plaintiff's claims are based on a single decision that results in lasting negative effects");

*McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, Civ. A. No. 09-10159, 2012 U.S. Dist.

LEXIS 165613, at *88-89 (D. Mass. Nov. 20, 2012) (noting that the continuing violation

doctrine is typically limited to employment discrimination cases).

For these reasons, the time for initiating the state law claim expired on September 30,

2011 – more than 15 months prior to the date Plaintiff initiated this action (January 21, 2013).

Count III should be dismissed as time barred.  *See Santana-Castro v. Toledo-Davila*, 579 F.3d

109, 113-14 (1st Cir. 2009) ("Affirmative defenses, such as the statute of limitations, may be

raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the

facts establishing the defense are clear on the face of the plaintiff's pleadings.  Where the dates

included in the complaint show that the limitations period has been exceeded and the complaint

fails to sketch a factual predicate that would warrant the application of either a different statute

of limitations period or equitable estoppel, dismissal is appropriate") (quotation marks and

citation omitted); *see also Santiago v. American Airlines, Inc.*, 840 F. Supp. 2d 500, 506 (D.P.R.

2012) ("From the allegations in the complaint it also appears that Plaintiff's cause of action is

time barred.  Plaintiff suffered the injury on July 2, 2008, and filed suit in state court on April 6,

14

2011, after the one year statute of limitations had elapsed.  Plaintiff failed to properly plead when and how the statute of limitations was tolled.").

## CONCLUSION

For the foregoing reasons, the motion to dismiss Count III should be granted.

Dated: May 24, 2013

Respectfully submitted,

 /s/ Lori A. Martin                           

Lori A. Martin (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
Christopher Bouchoux (*pro hac vice*)
Sara N. Raisner (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
lori.martin@wilmerhale.com

Jeffrey B. Rudman (BBO #433380)
Eric G. Penley (BBO #678920)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
jeffrey.rudman@wilmerhale.com

*Counsel for Defendants State Street*
*Corporation and State Street Bank & Trust*
*Company (including its division State Street*
*Global Advisors)*

15

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2013, I caused a copy of Defendants' **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT III OF THE AMENDED COMPLAINT** to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF) and by first-class mail on those indicated as non-registered participants.

Brad E. Konstandt