**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **The Retirees of the Goodyear Tire and Rubber Company Health Care Trust Committee** | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| ***and all others similarly situated,*** | ) | |
| | ) | **CIVIL ACTION NO: 1:13-CV-10124** |
| | ) | |
| Plaintiffs, | ) | **ORAL ARGUMENT REQUESTED** |
| v. | ) | |
| **State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,** | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT III OF THE AMENDED COMPLAINT**

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

Todd M. Schneider
Mark T. Johnson
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421- 7105

Todd S. Collins
Shanon J. Carson
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604

*Counsels for Plaintiff*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 2

ARGUMENT ............................................................................................................ 4

I. COUNT III OF THE AMENDED COMPLAINT, ALLEGING BREACH OF FIDUCIARY DUTY UNDER MASSACHUSETTS COMMON LAW AND PLED IN THE ALTERNATIVE, IS NOT PREEMPTED BY ERISA. ............................................ 4

II. COUNT III OF THE AMENDED COMPLAINT IS NOT SUBJECT TO DISMISSAL ON LIMITATIONS GROUNDS BECAUSE THERE ARE NO FACTS ON THE FACE OF THE AMENDED COMPLAINT ESTABLISHING THAT PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY UNDER MASSACHUSETTS COMMON LAW IS TIME BARRED. ................................................................ 9

CONCLUSION.......................................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*Aiena v. Olsen*
69 F.Supp.2d 521(S.D.N.Y.1999) ........................................................................................ 8

*AVCO Corp. v. Precision Air Parts, Inc.*
676 F.2d 494 (11th Cir.1982) ............................................................................................ 10

*Coleman v. Standard Life Ins. Co.*
288 F. Supp. 2d 1116 (E.D. Cal. 2003) ........................................................................ 5, 7, 8

*Collins v. Aetna Life Ins. Co.*
12-CV-5049-TOR, 2012 WL 5377797 (E.D. Wash. Nov. 1, 2012)...................................... 5, 7

*DePippo v. Chertoff*
453 F. Supp. 2d 33 (D.D.C. 2006)....................................................................................... 10

*Doe v. Dep't of Justice*
753 F.2d 1092 (D.C.Cir.1985)......................................................................................... 10, 11

*Firestone v. Firestone*
76 F.3d 1205 (D.C.Cir.1996)............................................................................................... 10

*Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co.*
CIV.A. 10-10588-JLT, 2013 WL 1169690 (D. Mass. Mar. 21, 2013)............................... 12, 13

*Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co.*
CIV.A. 10-10588-JLT, 2013 WL 144250 (D. Mass. Jan. 14, 2013) ......................................... 3

*Grant v. Shapiro & Burson, LLP*
871 F. Supp. 2d 462 (D. Md. 2012)........................................................................................ 10

*Henry v. Daytop Village, Inc.*
42 F.3d 89 (2d Cir. 1994) .................................................................................................... 5

*International Environmental Management, Inc. c. Envirotron, Ltd.*
724 S.Suppp.2d 230 (D. Mass. 2010) ..................................................................................... 6

*Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*
890 F.2d 456 (D.C.Cir.1989)................................................................................................ 10

*Martinez v. Antique & Salvage Liquidators, Inc.*
C09-00997 HRL, 2010 WL 2349817 (N.D. Cal. June 8, 2010).............................................. 10

*Molsbergen v. United States*
757 F.2d 1016 (9th Cir.1985) ........ 1, 5, 7

*Palmer v. Bd. of Educ. of Cmty. Unit Sch. Dist. 201-U, Will Cnty., Ill.*
46 F.3d 682 (7th Cir. 1995) ........ 14

*Parra v. Mountain States Life Ins. Co. of Am.*
52 F.3d 1066 (5th Cir. 1995) ........ 6

*Potts v. Howard Univ. Hosp.*
623 F. Supp. 2d 68 (D.D.C. 2009) ........ 2, 10

*Q Div. Records, LaLC v. Q Records, QVC, Inc.*
CIV. A. 99-10828-GAO, 2000 WL 294875 (D. Mass. Feb. 11, 2000) ........ 6

*Rivera-Muniz v. Horizon Lines Inc.*
737 F. Supp. 2d 57 (D.P.R. 2010) ........ 10

*Santana-Castro v. Toledo-Davila*
579 F.3d 109 (1st Cir. 2009) ........ 10

*Siegel-Robert, Inc. v. Mayco Int'l, LLC*
07-13191, 2007 WL 3173365 (E.D. Mich. Oct. 29, 2007) ........ 5

*Smith v. Brown & Williamson Tobacco Corp.*
3 F.Supp.2d 1473 (D.D.C.1998) ........ 10

*Weakley v. Redline Recovery Servs., LLC*
723 F. Supp. 2d 1341 (S.D. Cal. 2010) ........ 6

**STATUTES**

Employee Retirement Income Security Act (“ERISA”) ........ passim

ERISA §3(1) ........ 9

ERISA §404 ........ 3

ERISA §406 ........ 3

Mass. Gen. Law. ch. 260, § 2A ........ 1

**RULES**

Federal Rules of Civil Procedure, Rule 15(a)(1)(B) ........ 3

Federal Rules of Civil Procedure, Rule 8(d)(2) ........ 1

Federal Rules of Civil Procedure, Rule 8(d)(3) ........ 1

Plaintiff, The Retirees of the Goodyear Tire & Rubber Company Health Care Trust Committee (hereafter "Plaintiff" or the "Committee"), as fiduciary of the Goodyear Tire & Rubber Company Health Care Plan and Trust ("Goodyear VEBA"), submits this memorandum of law in opposition to the motion of Defendants State Street Corporation and State Street Bank and Trust Company, together with its State Street Global Advisors division, ("Defendants" or "State Street") to dismiss Count III of the Amended Complaint for failure to state a claim on which relief may be granted.

**INTRODUCTION**

State Street's motion to dismiss Count III of the Amended Complaint is based on two grounds, both of which are without merit. First, State Street argues that Count III, which asserts a common law breach of fiduciary duty under Massachusetts law, is preempted by the Employee Retirement Income Security Act ("ERISA"). (Doc. No. 34 at 3-11). Second, it argues that the common law breach of fiduciary claim is barred by the three-year statute of limitations period set forth in Mass. Gen. Law. ch. 260, § 2A. *Id.* at 12 – 15).

The fundamental flaw in Defendants' ERISA preemption argument is that it ignores the fact that Plaintiff has pled its common law breach of fiduciary duty claim *in the alternative*, as a fallback position in the highly unlikely event that it is determined that Goodyear VEBA is not an employee benefit plan covered by ERISA or that ERISA does not apply for some other reason. Federal Rules of Civil Procedure 8(d)(2) and 8(d)(3) explicitly authorize such alternative pleading and permit a party to assert to assert claims or defenses that are inconsistent with one another. Consistent with that Rule, an allegation made in support of one claim will not be construed as an admission against another alternative or inconsistent pleading in the same case. *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir.1985). Defendants are surely aware

of this basic tenet of civil procedure, and yet press forward with their preemption argument despite clear allegations in the Amended Complaint that Count III is pled in the alternative.

State Street's second ground for seeking dismissal, that Count III is barred by the statutory limitations period, is without merit because it fails to identify any facts establishing the limitations defense that "are clear on the face of the plaintiff's pleadings." While an affirmative defense such as a statute of limitations defense may be the basis for a motion to dismiss, such a motion must be denied unless it is clear from the face of the pleading that the limitations period bars the claim. *Potts v. Howard Univ. Hosp.*, 623 F. Supp. 2d 68, 71-72 (D.D.C. 2009). For that purpose State Street relies on a single allegation in paragraph 15 of the Amended Complaint stating the date on which Goodyear VEBA invested in the common trust funds. But this case is about the securities lending fees that State Street collected from Plaintiff and similarly situated investors, and nothing in the Amended Complaint indicates when State Street began charging or disclosed those fees, what exactly was disclosed about the fees, when Plaintiff learned the amount of the fees actually collected by State Street and when Plaintiff learned of other facts necessary to establish Defendants' alleged breach of fiduciary duty, such as facts bearing on the reasonableness of the fees.

For these reasons, as discussed further herein, State Street's Motion to Dismiss Count III of the Amended Complaint should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

This action was filed on January 21, 2013. The original Complaint (Doc. No. 1) alleged that Defendants State Street charged Goodyear VEBA and similarly situated entities investing in State Street's common trust funds unreasonable fees for the provision of securities lending services in connection with the lending of securities held by the common trust funds. The

Complaint was filed by Plaintiff following its unsuccessful effort to intervene in the related case before this Court brought on behalf of ERISA-governed retirement plans that invested in collective trust funds (as opposed to common trust funds). *See, Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co.*, CIV.A. 10-10588-JLT, 2013 WL 144250 (D. Mass. Jan. 14, 2013). The Complaint in this action asserted three causes of action. Counts I and II assert violations of ERISA under ERISA section 406 for participation in a prohibited transaction and under ERISA section 404 for breach of fiduciary duty. Count III was pled in the alternative and alleged a breach of fiduciary duty under Massachusetts common law.

On April 16, 2013 Defendants filed a Motion to Dismiss the Complaint and supporting Memorandum of Law seeking to have Count III of the complaint dismissed on the grounds that it was preempted by ERISA and on the grounds that it was barred by the applicable statute of limitations. (Doc. Nos. 24, 25). In support of its preemption argument, Defendants' Memorandum of Law relied in part on a reference to Defendants' ERISA obligations that was inadvertently included in one of the paragraphs setting forth the allegations in support of Count III of the Complaint.

On May 7, 2013, in lieu of filing an opposition to Defendants' Motion to Dismiss, Plaintiff exercised its right under Federal Rule of Civil Procedure 15(a)(1)(B) to amend the Complaint as a matter of course. (Doc. No. 27). The Amended Complaint eliminated the inadvertent reference to ERISA in Count III and added language to Count III designed to make even more explicit the fact that the state common law breach of fiduciary claim was being asserted in the alternative. It also modified the paragraph in Count III incorporating prior allegations to state clearly that no allegations pertaining to ERISA were being re-alleged or

incorporated in that claim. Finally, having learned from State Street's motion to dismiss that Defendants would be asserting an affirmative defense based upon the statute of limitations, Plaintiffs included in the Amended Complaint allegations to address that anticipated defense.

On May 24, 2013, Defendants filed the present motion, seeking dismissal on the same grounds as asserted in its prior motion and making the same arguments in support of the motion.

## ARGUMENT

### I. COUNT III OF THE AMENDED COMPLAINT, ALLEGING BREACH OF FIDUCIARY DUTY UNDER MASSACHUSETTS COMMON LAW AND PLED IN THE ALTERNATIVE, IS NOT PREEMPTED BY ERISA.

State Street devotes a considerable amount of space in its Memorandum of Law describing the source and nature of federal preemption generally, the scope of ERISA preemption in particular, and the analysis that applies to a determination of whether state claims are preempted by ERISA. All of this is irrelevant to the issue before the Court. Plaintiffs do not disagree with the proposition that ERISA, ***when it applies,*** will generally preempt state law claims that are "based on precisely the same conduct that underlies" the ERISA claims. (Def's Memorandum at 9). In this case, however, Plaintiff has pled its common law breach of fiduciary duty claim ***in the alternative.*** In other words, the state common law claim is exclusive of the ERISA claim and will be pursued only to the extent that it is determined that ERISA ***does not apply***, whether because Goodyear VEBA is not an employee benefit plan within the meaning of ERISA or for some other reason. Thus, Plaintiff is not trying to make an "end-run" around ERISA. It is merely exercising due caution in pleading its case, establishing a fallback position should the facts revealed in discovery or a ruling made by the Court lead to the conclusion that ERISA does not apply. This pleading in the alternative is not only permissible; it is expressly authorized by the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure sets for the general rules of pleadings and states, in relevant part:

> (d) Pleading to be Concise and Direct; Alternative Statements; Inconsistency
>
> > (2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
> >
> > (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(d)(2), (3) (emphasis added).

Consistent with the rule permitting a party to plead inconsistent claims in the alternative, courts have universally held that "a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." *Collins v. Aetna Life Ins. Co.*, 12-CV-5049-TOR, 2012 WL 5377797 (E.D. Wash. Nov. 1, 2012), *quoting Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir.1985); *Henry v. Daytop Village, Inc.*, 42 F.3d 89, 95 (2d Cir. 1994) (court may not construe plaintiff's first claim as an admission against another alternative or inconsistent claim); *Coleman v. Standard Life Ins. Co.*, 288 F. Supp. 2d 1116, 1120 (E.D. Cal. 2003); *Siegel-Robert, Inc. v. Mayco Int'l, LLC*, 07-13191, 2007 WL 3173365 (E.D. Mich. Oct. 29, 2007). This is only logical, of course. If a claim could be dismissed simply because the allegations on which the claim is based are contradicted by or inconsistent with other allegations on which alternative claims are based, it would render meaningless Rule 8's authorization to plead inconsistent or alternative claims.

Based upon these principles, courts routinely deny motions to dismiss a particular claim where the motion is based on the fact that the allegations in support of the claim are contradicted by other allegations, or the fact that one claim is preempted or precluded by the other as a matter

of law. *See, e.g. International Environmental Management, Inc. c. Envirotron, Ltd.* 724 S.Suppp.2d 230, 239 (D. Mass. 2010) (denying a motion to dismiss an unjust enrichment claim based upon the simultaneous assertion of a breach of contract claim despite the rule that an unjust enrichment claim will not lie where a contract governs the parties' relationship); *Q Div. Records, LaLC v. Q Records, QVC, Inc.*, CIV. A. 99-10828-GAO, 2000 WL 294875, * 7 (D. Mass. Feb. 11, 2000) (denying a motion to dismiss a state law trademark dilution claim on the basis that it was preempted by simultaneously pled trademark infringement claims under the Lanham Act, and finding that "[t]his is an acceptable example of pleading alternative and potentially inconsistent theories of recovery."); *Weakley v. Redline Recovery Servs., LLC*, 723 F. Supp. 2d 1341, 1346 (S.D. Cal. 2010), *clarified on denial of reconsideration*, 09-CV-1423 BEN, 2010 WL 3033801 (S.D. Cal. Aug. 2, 2010) (denying a motion to dismiss common law tort claims based upon the ground that they are preempted by a state fair debt collection practices statute because the common law claims were pled in the alternative).

As illustrated by numerous cases, this analysis applies to the very argument that State Street makes here, *i.e.* that common law claims under state law must be dismissed as preempted by ERISA where the complaint separately alleges violations of ERISA. In *Parra v. Mountain States Life Ins. Co. of Am.*, 52 F.3d 1066 (5th Cir. 1995), for example, after the defendant filed a Rule 12(b)(6) motion raising ERISA for the first time, the plaintiff amended her complaint to allege state law causes of action and, in the alternative, causes of action under ERISA. The district court dismissed the state law causes of action, finding that they were preempted by ERISA. The Fifth Circuit reversed, stating:

> In response to the defendant's Rule 12(b)(6) motion raising ERISA for the first time, the plaintiff amended her complaint to allege state law causes of action and, in the alternative, causes of action under ERISA. Alternative pleadings may be inconsistent. By pleading a cause of action under ERISA, the plaintiff did not

> concede to ERISA coverage of this insurance plan nor to ERISA preemption of their state law claims.

*Id.* (footnote omitted).

In *Collins v. Aetna Life Ins. Co.*, 12-CV-5049-TOR, 2012 WL 5377797 (E.D. Wash. Nov. 1, 2012), the plaintiff sued to recover supplemental life insurance proceeds, alleging state law claims for breach of contract, bad faith denial of benefits, and violations of the Washington State Consumer Protection Act, as well as a claim for violation of ERISA. Aetna moved for judgment on the pleadings based upon ERISA preemption, and argued that the court should decide the issue as a matter of law because the plaintiff repeatedly admitted in her complaint that the policy at issue was subject to ERISA. The district court rejected this argument and denied the motion, stating:

> Although Plaintiff clearly "believed that [the policy was] subject to [ERISA]" when she filed her complaint, Pl.'s Compl., ECF No. 2 at ¶ 13, her ERISA-related allegations are not fatal to her state law claims. The federal rules expressly allow a party to plead inconsistent claims or defenses. Fed.R.Civ.P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); see also *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir.1985) ("In light of the liberal pleading policy embodied in Rule 8[ (d)(3) ] ... a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case[.]"). Accordingly, the fact that Plaintiff's complaint seeks relief under ERISA does not automatically render her state law claims preempted. At least at the pleading stage, Plaintiff is entitled to assert both types of claims.

*Id.* at *3.

In *Coleman v. Standard Life Ins. Co.*, 288 F. Supp. 2d 1116, 1119-22 (E.D. Cal. 2003), the plaintiff sued the defendant for long term disability benefits under both ERISA and state contract law. The defendant moved for dismissal on preemption grounds. The court denied the motion, finding that the state law and ERISA claims had been pled in the alternative and that use

of the ERISA allegations as evidence against the state law claims was improper. The court went on to explain the rationale for permitting such alternative pleading as follows:

> In the ERISA context, in particular, there will often be good reason for alternatively pleading state and federal claims. When there is some doubt over whether ERISA is applicable under a given set of facts, especially where there is doubt about whether a particular plan is in fact an ERISA plan, proceeding in any other way can be hazardous for the plaintiff. If the plaintiff brings only state law claims and the court determines there is an ERISA plan, the state law claims are preempted. But if the plaintiff brings only an ERISA claim and the plan turns out *not* to be an ERISA plan, the plaintiff is also out of luck. Thus, ERISA preemption often presents the sort of situation for which Rule 8's alternative pleading provision is designed.
>
> . . .
>
> In the instant case, there has been no determination as to whether ERISA applies, and defendant has presented no evidence of its own to that effect other than citations to allegations in the complaint. If courts routinely granted motions to dismiss under these circumstances, plaintiffs would be forced to hazard a guess as to whether their plan is properly covered by ERISA, and would suffer dismissal of their complaint if the guess turned out to be incorrect. As one district court has recognized, this approach is contrary to both the letter and spirit of the Federal Rules. "The reason for [employing alternative pleading in ERISA cases] is plain enough. Given the uncertainties concerning [whether the plan in question is an ERISA plan and the scope of ERISA preemption], it would be foolish to put all of one's eggs in either the ERISA or the state law basket ... Rule 8(e)(2) permits such alternative pleading to avoid precisely such dilemmas. Plaintiffs at this early stage are not bound for purposes of their state law claims by their alternative allegation that there was an ERISA plan." *Aiena v. Olsen,* 69 F.Supp.2d 521, 531 (S.D.N.Y.1999).

*Id.* at 1120, 1121.

These authorities put to rest State Street's contention that Plaintiff's assertion of an ERISA claim requires dismissal of its state law claims or that the factual allegations supporting that claim may be used as admissions as against the alternatively pled state law claims. As in the *Coleman* case, the sole evidence on which Defendants base their contention that the Goodyear VEBA plan is covered by ERISA is Plaintiff's allegation in the ERISA portion of the Amended Complaint. Specifically, Defendants rely on the allegation in paragraph 2 of the Amended

Complaint that the Goodyear VEBA "is an employee welfare benefit plan within the meaning of ERISA §3(1)." Def's Memorandum at 7. But this allegation is made in the alternative as part of Counts I and II of the Amended Complaint and is not re-alleged or incorporated as part of the non-ERISA claim asserted as Count III. Indeed, Count III of the Amended Complaint explicitly states that it asserted in the alternative, in the event that ERISA is determined not to apply. Further, the paragraph in Count III incorporating prior paragraphs by reference expressly *excludes* "those allegations specifically pertaining to ERISA." Finally, as in the *Coleman* case, Defendants have presented no evidence of their own that ERISA applies and, in fact, has taken care to avoid any such concession. Under these circumstances, there is no basis for dismissal of Count III on preemption grounds.

**II. COUNT III OF THE AMENDED COMPLAINT IS NOT SUBJECT TO DISMISSAL ON LIMITATIONS GROUNDS BECAUSE THERE ARE NO FACTS ON THE FACE OF THE AMENDED COMPLAINT ESTABLISHING THAT PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY UNDER MASSACHUSETTS COMMON LAW IS TIME BARRED.**

State Street also seeks dismissal of Count III of the Amended complaint on the ground that the breach of fiduciary duty claim under Massachusetts common law is time barred under Mass. Gen. Law ch. 260, § 2A, which requires that tort, contract and actions to recover for personal injuries must be commenced within three years after the cause of action accrues. *Id.* For the purpose of this motion, however, the Court need not even consider whether this is the correct limitations period for a common law breach of fiduciary duty claim, because State Street's limitations argument fails regardless of the applicable limitations period.

As State Street's own authorities recognize, affirmative defenses such as the statute of limitations may be the basis for a motion to dismiss only where the facts establishing the defense are clear on the face of the plaintiff's pleadings. Def's Memorandum at 14, *citing Santana-*

*Castro v. Toledo-Davila,* 579 F.3d 109, 113-114 (1st Cir. 2009). *See, also, Rivera-Muniz v. Horizon Lines Inc.*, 737 F. Supp. 2d 57, 63-64 (D.P.R. 2010) (denying motion to dismiss based upon filed rate doctrine defense where the complaint failed to disclose whether the challenged rates were ever approved by a federal regulatory agency). This is particularly true with respect to motions to dismiss based upon the affirmative defense that a claim is time barred, which often involves a fact-intensive inquiry. As one court explained:

> Because statute of limitations issues often depend on contested questions of fact, however, the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint. *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C.Cir.1996). Rather, the court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred. *Id.*; ***72** *Doe v. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C.Cir.1985). If "no reasonable person could disagree on the date" on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds. *Smith v. Brown & Williamson Tobacco Corp.,* 3 F.Supp.2d 1473, 1475 (D.D.C.1998) (citing *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.,* 890 F.2d 456, 463 n. 11 (D.C.Cir.1989)).

*Potts v. Howard Univ. Hosp.*, 623 F. Supp. 2d 68, 71-72 (D.D.C. 2009). *See, also, DePippo v. Chertoff,* 453 F. Supp. 2d 30, 33 (D.D.C. 2006); *Grant v. Shapiro & Burson, LLP,* 871 F. Supp. 2d 462, 471 (D. Md. 2012); *Martinez v. Antique & Salvage Liquidators, Inc.,* C09-00997 HRL, 2010 WL 2349817 (N.D. Cal. June 8, 2010) (noting that, "where the running of the statute of limitations cannot be determined on the face of the complaint, such a defense is more properly determined on a motion for summary judgment," and *citing AVCO Corp. v. Precision Air Parts, Inc.,* 676 F.2d 494, 495 (11th Cir.1982);

State Street does not identify ***any*** facts on the face of the Amended Complaint that permit the Court to conclude that Plaintiff's common law claim for breach of fiduciary duty is time barred. In fact, the ***only*** allegation in the Amended Complaint that State Street cites for this purpose is the statement in paragraph 15 of the Amended Complaint - that Goodyear VEBA invested in the common trust funds on September 30, 2008. Def's Memorandum at 12. From

this Defendants contend, without explanation, that "any breach of fiduciary duty began to run on that date." This is a non-sequitur which is belied by the very next statement in State Street's brief, citing authority for the proposition that "a cause of action for breach of fiduciary duty accrues for limitations purpose ***when a plaintiff knows, or should know, 'facts sufficient to make a causative link between' the fiduciary's conduct and the alleged injury***." Def's Memorandum at 11, *citing Doe v. Harbor Schools, Inc.* 843 N.E.2d 1058, 1067 (Mass. 2006) (emphasis added).

Simply put, this is a case alleging a breach of fiduciary duty based upon State Street's collection of unreasonable fees for securities lending services. The date on which Goodyear VEBA invested in the common trust funds, by itself, reveals nothing about when Plaintiff became aware of "facts sufficient to make a causative link" between the State Street's conduct with respect to those fees and the alleged injury. Indeed, even if it were the case that State Street began charging the allegedly excessive securities lending fees on the date that Goodyear VEBA first invested in the common trust funds, a fact which is ***not*** alleged in the Amended Complaint, key facts necessary to the determination of when the cause of action accrued would remain unknown and undeterminable from the face of the complaint.

These include, for example, the nature and content of any disclosures made by State Street concerning the securities lending fee, the date on which those disclosures, if any, were provided to Plaintiff, how they were communicated to Plaintiff and whether Plaintiff actually received them, whether and when Plaintiff became aware that State Street was paying itself from Plan assets for providing securities lending services, and when it became aware of the amount of the fee State Street was collecting for providing those series.

They also include other facts which bear on the reasonableness of the fees and, therefore, must have been known to Plaintiff in order to make a causal connection between the fees collected by State Street and the injury arising from State Street's alleged breach of fiduciary duty. Examples of such facts include the amount of the fees that State Street charged other investors outside of the proposed class for the same services, the amount that was typically charged in the industry for similar services and the amount of the fees that State Street could negotiated on behalf of Plaintiff had it used an unaffiliated entity to provide securities lending services. *See, Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co.*, CIV.A. 10-10588-JLT, 2013 WL 1169690 at *5 (D. Mass. Mar. 21, 2013) (finding that evidence of the amounts State Street charged other clients raised material issues of fact as to whether the securities lending fees it collected were unreasonable).

The absence of any of these facts on the face of the complaint and State Street's reliance on nothing more than the date on which Goodyear VEBA first invested in the common trust funds preclude the granting of Defendants' motion for dismissal of Count III on limitations grounds. Although this effectively ends the matter and requires the denial of the motion to dismiss on limitations grounds, it is worth addressing some of some of the ancillary or additional arguments State Street makes in support of its limitations argument.

First, State Street attempts to shift the burden on this motion to Plaintiff, asserting that Plaintiff's failure to allege that Goodyear VEBA "was unaware of the fees charged by Defendants, or the fees associated with alternative investment products offered by State Street's competitors, or that a State Street affiliate provided securities lending services to the common trust funds" supports its limitations argument. Def's Memorandum at 12. But none of these allegations is necessary for Plaintiff to state its claim for common law breach of fiduciary, and

their absence is irrelevant given the absence of any allegations in the Amended Complaint that otherwise support a conclusion that the claim is barred by the statute of limitations. In such circumstances, plaintiffs are not required to anticipate and refute a defendant's affirmative defenses in their complaint. Moreover, State Street's contention on this point is factually incorrect, as Plaintiff *has* alleged that it was not aware until late 2011 that State Street's securities lending fees were excessive compared to the standard in the industry and the fees Defendants charged other clients. Am. Compl. § 73.

Second, State Street argues that Plaintiff's lack of knowledge concerning the reasonableness of the securities lending fee relative to the standard in the industry and fees Defendants charged to other clients "is insufficient to toll the statute of limitations as State Street owed no fiduciary duty to Goodyear VEBA in the pre-contract negotiation of its fee". This is an odd argument to make in this context, as it is one that goes to the very merits of Plaintiff's fiduciary duty claim and yet is not asserted as an independent basis for the motion to dismiss. Perhaps this is because State Street recognizes that its fiduciary duty status at the time it set the amount of the securities lending fee involves an inherently factual inquiry, one that may not be resolved even on summary judgment. *See,Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co.*, CIV.A. 10-10588-JLT, 2013 WL 1169690 (D. Mass. Mar. 21, 2013).

As such, the authorities cited by Defendants for the general proposition that a bank is not a fiduciary when setting its compensation are not conclusive. To the contrary, a bank may be a fiduciary in setting its compensation for securities lending services when it retains discretion over the amount of such compensation or when it acted as a fiduciary on behalf of the funds in which Plaintiff invested by "negotiating" that compensation with its affiliated entity. *Id.* In any

event, Plaintiff's allegations in the Amended Complaint concerning lack of knowledge are not necessary to toll the statute of limitations because nothing on the face of the Complaint supports a finding that the limitations period had expired when the Complaint was filed even absent tolling.

Finally, State Street challenges Plaintiff's allegations that it suffered a separate injury each time State Street collected the allegedly excessive securities lending fee as "unavailing." Def's Memorandum at 13-14. Once again, these allegations are unnecessary to avoid dismissal of Count III at this stage of the proceedings because nothing on the face of the complaint establishes that Plaintiff's state common law is time barred. Additionally, Defendants' arguments and authorities concerning the continuing violation theory are inapplicable to Plaintiff's allegations regarding separate injuries because the actions taken by State Street within the limitations period (assuming that period is three years prior to the filing of the Complaint) are not simply the lasting negative effects of a single decision, like the decision to deny benefits. Here each time State Street collected a 50% share of the net income from securities lending, it engaged in a distinct affirmative act that resulted in a separate injury to Plaintiff. Each such act gives rise to a separate claim with its own limitations period. *See, e.g. Palmer v. Bd. of Educ. of Cmty. Unit Sch. Dist. 201-U, Will Cnty., Ill.,* 46 F.3d 682, 686 (7th Cir. 1995) (A series of wrongful acts creates a series of claims for limitations purposes).Thus, should Defendants present facts in future proceedings in this case establishing that some claims accrued more than three years prior to the filing of the Complaint, Plaintiff would still be able to recover those fees that were collected within the three years preceding the commencement of the action. For the purpose of the present motion, however, the Court need not decide this issue, since there are no

facts on the face of the Amended Complaint establishing that Count III of the Amended Complaint is time barred.

**CONCLUSION**

For the foregoing reasons, Defendants have failed to establish that Count III of the Amended Complaint should be dismissed on either preemption or limitations grounds. Accordingly, the motion to dismiss Count III should be denied.

Dated: June 7, 2013

Respectfully submitted,

*/s/ Mark T. Johnson*

Todd M. Schneider
Mark T. Johnson
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421- 7105

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

Brian A. Glasser
Michael L. Murphy
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110

John Roddy, BBO No. 424240
BAILEY & GLASSER LLP
125 Summer Street
Suite 1030
Boston, MA 02110
Tel: (617) 439-6730
Fax: (617) 951-3954

Garrett W. Wotkyns
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
8501 North Scottsdale Rd., Suite 270
Scottsdale, AZ 85253
Tel: (480) 428-0142
Fax: (866) 505-8036

Todd S. Collins
Shanon J. Carson
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on June 7, 2013.

/s/ *Mark T. Johnson*
Mark T. Johnson