# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **The Retirees of the<br>Goodyear Tire and Rubber Company<br>Health Care Trust Committee,**<br><br>*and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>**State Street Corporation, State Street<br>Bank & Trust Co.,<br>and State Street Global Advisors,**<br><br>Defendants. | **CIVIL ACTION NO. 1:13-CV-10124**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**LEAVE TO FILE GRANTED ON JUNE 26,<br>2013 (DKT. NO. 37)** |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT III OF THE AMENDED COMPLAINT

Jeffrey B. Rudman (BBO #433380)
Eric G. Penley (BBO # 678920)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Lori A. Martin (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
Sara N. Raisner (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888

*Counsel for Defendants State Street
Corporation and State Street Bank and Trust
Company (including its division State Street
Global Advisors)*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

I. ALTERNATIVE PLEADING DOES NOT SAVE A PREEMPTED STATE
LAW CLAIM FROM DISMISSAL ....................................................................................2

CONCLUSION..............................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*,
    519 U.S. 316 (1997) ................................................................................................................5

*Cal. Pub. Emps. Ret. Sys. v. Chubb Corp.*,
    No. 00 Civ. 4285 (GEB), 2002 WL 33934282 (D.N.J. June 26, 2002) ...................................7

*Clark v. Hewitt Assocs., LLC*,
    294 F. Supp. 2d 946 (N.D. Ill. 2003) .......................................................................................3

*Coleman v. Standard Life Ins. Co.*,
    288 F. Supp. 2d 1116 (E.D. Cal. 2003) ...................................................................................6

*Collins v. Aetna Life Ins. Co.*,
    No. 12-CV-5049-TOR, 2012 WL 5377797 (E.D. Wash. Nov. 1, 2012) .................................6

*Cox v. Eichler*,
    765 F. Supp. 601 (N.D. Cal. 1990) ..........................................................................................4

*Great Lakes Higher Educ. Corp. v. Austin Bank of Chicago*,
    837 F. Supp. 892 (N.D. Ill. 1993) ............................................................................................2

*In re Crazy Eddie Sec. Litig.*,
    747 F. Supp. 850 (E.D.N.Y. 1990) ..........................................................................................7

*International Env. Mgmt., Inc. v. Envirotron, Ltd.*,
    724 F. Supp. 2d 230 (D. Mass. 2010) ......................................................................................5

*Lass v. Bank of Am., N.A.*,
    695 F.3d 129 (1st Cir. 2012) ....................................................................................................5

*Medisim Ltd. v. BestMed LLC*,
    No. 10 CIV. 2463 SAS, 2012 WL 5954757 (S.D.N.Y. Nov. 28, 2012) ..................................5

*Morales v. Prudential Fin., Inc.*,
    Civ. No. M-08-235, 2009 WL 311109 (S.D. Tex. Feb. 5, 2009) .............................................3

*Moser Pilon Nelson Architects, LLC v. HNTB Corp.*,
    No. 05 CV 422(MRK), 2006 WL 2331013 (D. Conn. Aug. 8, 2006) .....................................3

*Pane v. RCA Corp.*,
    667 F. Supp. 168 (D.N.J. 1987), *aff'd*, 868 F.2d 631 (3d Cir. 1989) .......................................4

*Parra v. Mountain Life Ins. Co. of Am.*,
    52 F.3d 1066, No. 94-60028, 1995 WL 241730 (5th Cir. Apr. 3, 1995) .............................5, 6

- iii -

*Patco Constr. Co. v. People's United Bank*,
  684 F.3d 197 (1st Cir. 2012) .................................................................................................5

*Pilot Life Ins. Co. v. Dedeaux,*
  481 U.S. 41 (1987) .................................................................................................................5

*Q Div. Records LLC v. Q Records, QVC, Inc.*,
  Civ. No. A. 99-0828-GAO, 2000 WL 294875 (D. Mass. Feb. 11, 2000) ...............................5

*Tappe v. Alliance Cap. Mgmt. L.P.*,
  177 F. Supp. 2d 176 (S.D.N.Y. 2001) ....................................................................................4

*Weakley v. Redline Recovery Servs., LLC,*
  723 F. Supp. 2d 1341 (S.D. Cal. 2010) .............................................................................4, 5

**STATUTES**

ERISA § 3(1) .............................................................................................................................2, 6

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8 .....................................................................................1, 2, 4, 7

Defendants State Street Corporation and State Street Bank and Trust Company (together with its State Street Global Advisors division) ("State Street") respectfully submit this reply memorandum of law in support of their motion to dismiss Count III of the Amended Complaint.

## PRELIMINARY STATEMENT

This motion presents the following question: does the Employee Retirement Income Security Act ("ERISA") preempt state law claims based upon the same alleged conduct? ERISA's express preemption provision answers this question and requires the dismissal of state law claims relating to covered employee benefit plans. This proposition is not disputed. Indeed, Plaintiff concedes that ERISA "will generally preempt state law claims that are 'based on precisely the same conduct that underlies' the ERISA claims."[1]

In order to preserve its preempted state law claim, Plaintiff argues that Rule 8(d) of the Federal Rules of Civil Procedure permits alternative pleading.[2] The fallacy in this argument is that Rule 8(d) does not permit Plaintiff to offer alternative pleading as to its own status. The Amended Complaint unequivocally asserts that Plaintiff is an ERISA-covered Plan. (Am. Compl. ¶ 2.) Plaintiff is not free to disavow its allegation that it is a covered employee benefit plan in order to assert claims on behalf of "entities that are determined to be not covered by ERISA." (Am. Compl. ¶ 69.) Under similar reasoning, district courts have dismissed preempted state law claims brought by covered employee benefit plans pled "in the alternative" or "in the event" ERISA did not cover the plaintiff.

---

[1] Plaintiff's Memorandum of Law In Opposition to Defendants' Motion to Dismiss Count III of the Amended Complaint, dated June 7, 2013 (Dkt. No. 35) ("Opp."), at 4.

[2] *Id.*

## I. ALTERNATIVE PLEADING DOES NOT SAVE A PREEMPTED STATE LAW CLAIM FROM DISMISSAL

Much of Defendants' moving papers, arguing that the Massachusetts breach of fiduciary duty claim is preempted, is not contested. Plaintiff concedes that Congress has preempted state laws relating to covered employee benefit plans. Opp. at 4. Plaintiff concedes that ERISA's preemption encompasses state common law. *Id.* And Plaintiff concedes that a state law cause of action that provides an alternative enforcement mechanism to ERISA is preempted by Section 514(a). *Id.*

The sole issue in dispute is whether Rule 8 of the Federal Rules of Civil Procedure provides a mechanism for asserting that Plaintiff is an ERISA plan for the purpose of pleading ERISA violations (Counts I and II), but not an ERISA-covered plan for the purpose of pleading the Massachusetts common law claim (Count III). Opp. at 5-9. A litigant that knows its own status is precluded from alternative pleading, and here Goodyear VEBA avers that it is "an employee welfare benefit plan within the meaning of ERISA §3(1)" (Am. Compl. ¶ 2). *Cf. Great Lakes Higher Educ. Corp. v. Austin Bank of Chicago*, 837 F. Supp. 892, 894-95 (N.D. Ill. 1993) ("It is a violation of Rule 11 to withhold relevant factual evidence within the knowledge of the pleading party in order to gain the advantage of being able to plead more causes of action than are appropriate"); Rule 11 Limitations on Pleading, 5 Fed. Prac. & Proc. Civ. § 1285 (3d. ed.) ("A party . . . should not set forth inconsistent, or alternative, or hypothetical statements in the pleadings unless, after a reasonable inquiry, the pleader legitimately is in doubt about the factual background or legal theories supporting the claims or defenses or is otherwise justified in pleading in this fashion and the pleader can represent that he is not doing so for an improper purpose").

Numerous courts have concluded that alternative pleading does not save state law claims from dismissal under ERISA's express preemption provision, particularly where the plaintiff alleges that it is an ERISA-covered plan asserting ERISA claims.[3]  In *Morales v. Prudential Fin., Inc.*, Civ. No. M-08-235, 2009 WL 311109 (S.D. Tex. Feb. 5, 2009), for example, the district court dismissed state law claims that the plaintiff, as Goodyear VEBA attempts to do here, asserted in the alternative.  The district court held that the plaintiff's effort to preserve state law claims by asserting them "in the event" the ERISA claims were not meritorious was not permissible.  *Id.* at *1.  There, as here, the defendants argued that the state law claims were preempted by ERISA.  *Id.*  There, as here, the plaintiff argued that its state law claims were preserved because they "[we]re pleaded in the alternative."  *Id.*  Notably, in dismissing the state law claims as preempted by ERISA, the court noted that "[o]ther courts have dealt with this question and come to the same conclusion we have here."  *Id.* at *4.

Similarly, in *Clark v. Hewitt Assocs., LLC*, 294 F. Supp. 2d 946 (N.D. Ill. 2003), the district court dismissed state law claims as preempted over the plaintiff's argument that alternative pleading preserved the claims.  In *Clark*, the plaintiff alleged various violations of ERISA, including Section 404, as well as state common law and statutory claims.  *Id.* at 948. The defendants moved to dismiss the state law claims as preempted.  The plaintiff did "not contest that she [could not] succeed on both her ERISA claim and Counts II and III, [but] she assert[ed] that her state law claims [were] not preempted because they [were] pled in the

---

[3]   *Cf. Moser Pilon Nelson Architects, LLC v. HNTB Corp.*, No. 05 CV 422(MRK), 2006 WL 2331013, at *11 (D. Conn. Aug. 8, 2006) ("Plaintiffs further argue that, even if their unjust enrichment claim would be preempted by a valid copyright claim, they are entitled to plead it 'in the alternative[.]' . . . But Plaintiffs' argument proves too much: on Plaintiffs' theory of pleading in the alternative, no court could ever decide a motion to dismiss a claim on the basis of preemption until the merits of copyright claim had first been decided.  Yet courts routinely grant motions to dismiss state law claims on the basis of preemption by the Copyright Act.").

alternative." *Id.* at 953.  The court dismissed the state law claims and held that ERISA's expansive preemption scheme "does not allow for plaintiffs to opt out of ERISA to pursue other state law claims related to an employee benefit plan, *nor does it allow for plaintiffs to plead alternative claims in the event their ERISA claims fail*." *Id.* (emphasis supplied).

Several other district courts have rejected the argument that Plaintiff advances here; namely, that Rule 8 provides a mechanism for avoiding application of ERISA's preemption provision to a covered employee plan.  *See, e.g., Tappe v. Alliance Cap. Mgmt. L.P.*, 177 F. Supp. 2d 176, 187-88 (S.D.N.Y. 2001) (dismissing state common law claims and rejecting plaintiff's argument that Rule 8 permitted alternative pleading to evade ERISA's preemption clause); *Cox v. Eichler*, 765 F. Supp. 601, 604-05 (N.D. Cal. 1990) (rejecting plaintiffs' argument that "they are entitled to assert the ERISA and common law claims in the alternative under Rule 8(e)(2) of the Federal Rules of Civil Procedure, even if these claims are mutually exclusive" on the grounds that "if ERISA operates to preempt plaintiffs' state law claims, preemption is mandatory.  Plaintiffs cannot use the rules allowing alternative pleading as a defense to defendant[s'] motion to dismiss") (citations and quotations omitted); *Pane v. RCA Corp.*, 667 F. Supp. 168, 172 (D.N.J. 1987), *aff'd*, 868 F.2d 631 (3d Cir. 1989) (granting motion to dismiss state law claims as preempted and rejecting plaintiff's assertion that "at this preliminary stage in the proceedings, he can plead alternative grounds of relief . . . even if those grounds are mutually exclusive").

In opposing this motion, Plaintiff argues that the federal courts have permitted litigants to pursue alternative ERISA and state law claims.  Three of those decisions, however, were not ERISA cases and the courts did not have occasion to consider the effect of an express preemption clause on the alternative claims.  In *Weakley v. Redline Recovery Servs., LLC*, cited

by Plaintiff at page 6 of its opposition, the court permitted the plaintiff to plead common law tort claims in the alternative, but highlighted the absence of explicit or implied preemption in the state debt collection statute under which the plaintiff asserted his primary claim.  723 F. Supp. 2d 1341, 1346 (S.D. Cal. 2010).  In *Q Div. Records LLC v. Q Records, QVC, Inc.*, the federal statute under which the primary claim was asserted (the Lanham Act) did not contain an express preemption provision and the parties did not argue that any of the state law claims was expressly preempted by the federal statute.  Civ. A. 99-0828-GAO, 2000 WL 294875, at *7 (D. Mass. Feb. 11, 2000).[4]  And in *International Env. Mgmt., Inc. v. Envirotron, Ltd.*, the alternative claims arose at common law and were not subject to preemption by ERISA or another federal statute.  724 F. Supp. 2d 230, 239 (D. Mass. 2010).[5]  The absence of a statutory preemption clause renders the cases cited by Plaintiff inapplicable to this motion.  *See, e.g.*, *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44 (1987) (ERISA's "powerful pre-emptive force [] displaced all state actions"); *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997) (ERISA's express pre-emption provision has "broad scope," an "expansive sweep," and is "broadly worded," "conspicuous for its breadth," and "deliberately expansive").

---

[4]   The Lanham Act does not expressly preempt state or common law causes of action.  *See, e.g.*, *Medisim Ltd. v. BestMed LLC*, No. 10 CIV. 2463 SAS, 2012 WL 5954757, at *14 (S.D.N.Y. Nov. 28, 2012).

[5]   Pleading in the alternative for such common law claims is generally permitted because only the recovery of damages for breach of contract and unjust enrichment are mutually exclusive.  *See Lass v. Bank of Am., N.A.*, 695 F.3d 129, 140 (1st Cir. 2012).  Further, as the First Circuit has noted, the conflicting relationship that may cause one state law claim to displace another is an issue *entirely distinct from federal preemption*.  *See Patco Constr. Co., Inc. v. People's United Bank*, 684 F.3d 197, 215 & n.13 (1st Cir. 2012) (holding that the district court erred in ruling that a claim under Article 4A of the Uniform Commercial Code, as codified under Maine law, "preempted" certain common law claims, and explaining that "this use of the term has nothing to do with the standard legal use of 'preemption,' which involves the question of whether federal law precludes a state from regulating on the same topic").

Three other decisions on which Plaintiff relies permitted alternative pleading in circumstances where there was doubt about whether a particular plan was in fact an ERISA-covered employee benefit plan. Thus, in *Parra v. Mountain Life Ins. Co. of Am.*, cited at page 6 of Plaintiff's opposition, the case originally asserted only state law causes of action. 52 F.3d 1066, 1995 WL 241730, at *1 (5th Cir. Apr. 3, 1995). The plaintiff added the ERISA claims after the district court later suggested that the plan might be covered by ERISA. *Id.* Thereafter, the district court dismissed the state law claims. The United States Court of Appeals for the Fifth Circuit reversed. Unlike here, in which Goodyear VEBA has asserted ERISA claims and contends that it is a covered employee benefit plan, the *Parra* plaintiff continued to dispute the applicability of ERISA to the case. *Id.* at *4; *see also Brief of Appellant* at 16-22, *Parra v. Mountain Life Ins. Co. of Am.*, 52 F.3d 1066 (No. 94-60028), 1994 WL 16067316 (in opposing preemption, the plaintiff argued that there was "no evidence of a qualified employee benefit plan"). On these facts, it is not surprising that the Fifth Circuit declined to affirm ERISA preemption where the status of a qualified employee benefit plan was itself in dispute.

Similarly, in *Coleman v. Standard Life Ins. Co.*, 288 F. Supp. 2d 1116 (E.D. Cal. 2003) and *Collins v. Aetna Life Ins. Co.*, No. 12-CV-5049-TOR, 2012 WL 5377797 (E.D. Wash. Nov. 1, 2012), the plaintiffs disputed that there was an ERISA-covered employee benefit plan. *See Coleman*, 288 F. Supp. 2d at 1119 (denying motion to dismiss "where there is doubt about whether a particular plan is in fact an ERISA plan"); *Collins*, 2012 WL 5377797, at *1-2 ("[T]he parties dispute whether the supplemental life insurance plan issued to Mr. Stubblefield is subject

to regulation under ERISA").[6] Here, by contrast, Goodyear VEBA avers that is "an employee welfare benefit plan within the meaning of ERISA §3(1)." (Am. Compl. ¶ 2.)

Finally, to the extent that there are investors in the Common Trust Funds that are not ERISA-covered plans, and whose common law claims would not be preempted by ERISA, there is no plaintiff in this action seeking to assert that claim. The Amended Complaint makes references to such investors in the following allegation:

> Plaintiff . . . brings this action on behalf of the Goodyear VEBA, and on behalf of all similarly-situated ERISA plans (the 'ERISA Plans') **and other plans** (the 'Non-ERISA Plans'; collectively, the 'Plans'), that suffered losses . . . .

(Am. Compl. at page 1 (emphasis supplied).) Count III has been added to the Amended Complaint to assert claims on behalf of such "Plans [that] are determined not to be governed by ERISA." (Am. Compl. at ¶ 70.) The fallacy of Plaintiff's argument that it has asserted Count III in the alternative is that the claim is alternative "only on behalf of members of the Non-ERISA Class [] – *i.e.*, entities that are determined to be not covered by ERISA." (Am. Compl. at ¶ 69 (emphasis supplied).) Although Rule 8 may contemplate alternative pleading for a litigant seeking multiple theories of liability on behalf of *itself*, here, the Amended Complaint seeks to assert a state law claim on behalf of *alternative plaintiffs* that are not in the case, presumably while Plaintiff's counsel seeks to find a more appropriate plaintiff to assert that claim. *Cf. In re Crazy Eddie Sec. Litig.*, 747 F. Supp. 850, 856 (E.D.N.Y. 1990) ("There appears to be no good reason to encourage bringing of a suit merely to extend the period in which to find a class representative"); *Cal. Pub. Emps. Ret. Sys. v. Chubb Corp.*, Civ. No. 00 4285 (GEB), 2002 WL

---

[6] In *Collins*, the plaintiff admitted that the insurance policy at issue was subject to ERISA. *Id.* at *2. The plaintiff, however, argued that she "was unaware of ERISA's safe harbor provision when she filed the complaint, and that, after having conducted additional research and discovery, she now believes the safe harbor provision applies." *Id.* The court appeared to rely upon this change of heart in ruling on the defendants' motion for judgment on the pleadings.

33934282, at *28 (D.N.J. June 26, 2002) ("Nowhere is the possibility of abuse as acute as in the standing context, where the potential exists to circumvent the statute of limitations by filing putative class actions on behalf of nominal plaintiffs without standing solely to toll the limitations period until a suitable plaintiff can be found").

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' memorandum of law, dated May 24, 2013, Defendants respectfully request that the Court grant its motion to dismiss Count III of the Amended Complaint.

Dated: June 27, 2013

Respectfully submitted,

 /s/ Lori A. Martin

Lori A. Martin (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
Sara N. Raisner (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
lori.martin@wilmerhale.com

Jeffrey B. Rudman (BBO #433380)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
jeffrey.rudman@wilmerhale.com

*Counsel for Defendants State Street Corporation and State Street Bank & Trust Company (including its division State Street Global Advisors)*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2013, I caused a copy of the **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT III OF THE AMENDED COMPLAINT** to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF), and by first-class mail on those indicated as non-registered participants.

Sara N. Raisner