## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **The Retirees of the** ) | |
| **Goodyear Tire and Rubber Company** ) | |
| **Health Care Trust Committee** ) | |
| ) | **CLASS ACTION COMPLAINT** |
| *and all others similarly situated,* ) | |
| ) | **CIVIL ACTION NO: 1:13-CV-10124** |
| ) | |
| ) | |
| Plaintiffs, ) | **ORAL ARGUMENT REQUESTED** |
| v. ) | |
| ) | **LEAVE TO FILE GRANTED ON** |
| **State Street Corporation, State Street** ) | **AUGUST 22, 2013 (DKT. NO. 40)** |
| **Bank & Trust Co.,** ) | |
| **and State Street Global Advisors,** ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT III OF THE AMENDED COMPLAINT

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

Todd M. Schneider
Mark T. Johnson
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421- 7105


Todd S. Collins
Shanon J. Carson
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604

*Counsels for Plaintiff*

**TABLE OF CONTENTS**

I. Alternative and Inconsistent Pleading Concerning Plaintiff's ERISA Status Is Proper Under Rule 8(d) and Does Not Run Afoul of Rule 11. ............................................ 1

II. Defendants' Authorities Are Distinguishable Because They Are All Based On Independent Judicial Findings that the Alternatively Plead State Law Claims Related to ERISA-Covered Plans And Were Therefore Preempted. .................................... 4

III. Defendants' Attempt to Distinguish Plaintiff's Authorities Merely Affirms that Plaintiff's Alternative Pleading of Its State Law Claim is Proper ....................................... 7

IV. Plaintiff Does Not Plead Count III in the Alternative for Any Improper Purpose. ............... 9

CONCLUSION ................................................................................................................................ 9

# **TABLE OF AUTHORITIES**

**CASES**

*Aiena v. Olsen*
    69 F.Supp.2d 521 (S.D.N.Y. 1999) ............................................................................... 3

*Clark v. Hewitt Associates, LLC*
    294 F.Supp.2d 946 (N.D. Ill. 2003) ............................................................................... 5

*Coleman v Standard Life Ins. Co.*
    288 F.Supp.2d 1116 (E.D. Cal. 2003) ................................................................... 3, 7, 8

*Collins v. Aetna Life Ins. Co.*
    12-CV-5049-TOR, 2012 WL 5377797 (E.D. Wash. Nov. 1, 2012) ......................... 7, 8

*Cox v. Eichler*
    765 F.Supp. 601 (N.D. Cal. 1990) ................................................................................ 6

*Donovan v. Dillingham*
    688 F.2d 1367 (11th Cir. 1982) .................................................................................... 2

*Molsbergen v. United States*
    757 F.2d 1016 (9th Cir. 1985) .................................................................................. 3, 8

*Morales v. Prudential Financial, Inc.*
    2009 WL 311109 (S.D. Texas Feb. 5, 2009) ............................................................ 4, 5

*Pane v. RCA Corp.*
    667 F.Supp. 168 (D. N.J. 1987) .................................................................................... 6

*Parra v. Mountain States Life Ins. Co. of Am.*
    52 F3d 1066 (5th Cir. 1995) ..................................................................................... 7, 8

*Tappe v. Alliance Capital Management L.P.*
    177 F.Supp.2d 176 (S.D. NY 2001) .......................................................................... 5, 6

**STATUTES**

29 U.S.C. § 1002 ................................................................................................................ 2, 7

29 U.S.C. § 1002(1) ................................................................................................................ 2

29 U.S.C. § 1002(3) ............................................................................................................ 1, 2

29 U.S.C. §1002(2) ................................................................................................................. 2

ERISA § 3(3) ........................................................................................................................... 1

**RULES**

Federal Rule of Civil Procedure 11 ............................................................................................. 1

Federal Rule of Civil Procedure 8(d) ........................................................................................... 1

Federal Rule of Civil Procedure 8(d)(3) ................................................................................... 3, 8

**OTHER AUTHORITIES**

5 Fed. Prac. & Proc. Civ. § 1285(3d ed.) .................................................................................. 1, 8

Plaintiff, the Retirees of the Goodyear Tire and Rubber Company Health Care Trust Committee (hereafter "Plaintiff" or "Goodyear VEBA") submits the following arguments and authorities in response to those set forth in the Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Count III of the Amended Complaint ("Defs' Reply" or "Reply") filed by Defendants State Street Corporation and State Street Bank and Trust Company (together with its State Street Global Advisors division) (hereafter "Defendants" or "State Street").

I. **Alternative and Inconsistent Pleading Concerning Plaintiff's ERISA Status Is Proper Under Rule 8(d) and Does Not Run Afoul of Rule 11.**

In the Reply, Defendants assert, without authority, that "Rule 8(d) does not permit Plaintiff to offer alternative pleading as to its own status." (*Id.* at 1). In fact, there is no such limitation on Rule 8's provision for pleading inconsistent claims or defenses in the alternative. Defendants attempt to shoehorn such a limitation into the rule by citing authorities interpreting Rule 11. These authorities state that a party should not set forth inconsistent or alternative statements in a pleading absent legitimate doubt, following a reasonable inquiry, "about the factual background or legal theories supporting the claims or defenses," but the pleader may do so where such legitimate doubt exists or where the pleader "is otherwise justified in pleading in this fashion and the pleader can represent that he is not doing so for an improper purpose." (Defs' Reply at 2, *citing* 5 Fed. Prac. & Proc. Civ. § 1285(3d ed.)). This argument fails because, like many other allegations of fact or law (or both), a party's status, even the pleader's own status, can be the subject of legitimate doubt. This is particularly true where, as is the case with a party's status as an employee benefit plan under ERISA § 3(3), 29 U.S.C. § 1002(3), the question may involve a complicated factual and legal analysis. Indeed, the question of whether a

1

particular entity meets the definition of an employee benefit plan covered by ERISA is frequently litigated. *See, e.g. Donovan v. Dillingham,* 688 F.2d 1367, 1370 (11th Cir. 1982).[1]

Plaintiff has a good faith belief that Goodyear VEBA's status as an ERISA plan and Plaintiff's standing to bring ERISA claims on behalf of Goodyear VEBA and a proposed class of other ERISA-covered plans may be challenged in this case. On the chance that Defendants present that issue to the Court and the Court resolves the matter by deciding that Goodyear VEBA is not an ERISA-covered employee benefit plan, Plaintiff has pled, in the alternative, its common law claims for breach of fiduciary duty under Massachusetts law. At this stage of the proceedings, before even being asked to resolve the legal and factual question of whether Goodyear VEBA is an ERISA-covered plan, the Court should not grant State Street's motion to dismiss Plaintiff's common law claims. If it were to do so and then later determine that Goodyear VEBA is not an employee benefit plan under ERISA, there would have been no basis for ERISA preemption. By then, however, the damage would have been done – the common law breach of fiduciary duty claims would have been dismissed based upon a preemption argument that turned out to have no basis in fact.

Under Rule 8(d), Plaintiff is justified in pleading that it is an ERISA plan for the purpose of pursuing ERISA claims and, alternatively, that it is a non-ERISA plan entitled to pursue state common law claims. Plaintiff is not "withholding relevant factual evidence within [its] knowledge . . . in order to gain the advantage of being able to plead more causes of action than are appropriate." Nor is it asserting claims in the alternative for any other improper purpose. To the contrary, it is asserting a state common law claim for breach of fiduciary duty in Count III of the Complaint to guard against the contingency that the Court might later determine that ERISA

---

[1] To satisfy ERISA's definition of an employee benefit plan under 29 U.S.C. §1002(3), a plan must either be an "employee welfare benefit plan" under § 1002(1) or an "employee pension benefit plan" under §1002(2), each of which requires the consideration of multiple factors and other statutory definitions. 29 U.S.C. § 1002.

does not apply. That is precisely the purpose of Rule 8(d)(3), to permit a party to plead alternative and inconsistent claims so that, depending on the resolution of a key issue (here Plaintiff's status under ERISA), the party will have preserved the proper claim. *See, e.g. Aiena v. Olsen,* 69 F.Supp.2d 521, 531 (S.D.N.Y. 1999) (discussing the rationale for alternative pleading in ERISA cases). As stated in its opposition to this motion, Plaintiff here does not seek to litigate and recover on both its ERISA and non-ERISA claims. It will pursue one or the other, depending on how its ERISA status is resolved. (Doc. No. 35, at 4).

As it did in its moving papers, State Street relies on the fact that "[t]he Amended Complaint unequivocally asserts that Plaintiff is an ERISA-covered Plan" as a basis for its preemption argument and argues that Plaintiff cannot "disavow" this allegation for the purpose of its non-ERISA claim under Count III for common law breach of fiduciary duty. Def's Reply at 1. But that is the essence of alternative pleading, and it is precisely what Rule 8(d)(3) permits. Plaintiff can legitimately plead that it is an ERISA-covered plan for the purpose of Counts I and II and not make that allegation for the purpose of Count III. Further, the first allegation "cannot be construed as an admission against another alternative or inconsistent pleading in the same case." *Molsbergen v. United States,* 757 F.2d 1016, 1019 (9th Cir. 1985). Thus, while the Court can dismiss state law claims based upon an independent determination that the Plan at issue is an ERISA plan, it cannot do so based upon allegations of ERISA coverage where such allegations are not part of the alternatively-pled state law claim. *Coleman v Standard Life Ins. Co.*, 288 F.Supp.2d 1116, 1119-22, (E.D. Cal. 2003).

**II.     Defendants' Authorities Are Distinguishable Because They Are All Based On Independent Judicial Findings that the Alternatively Plead State Law Claims Related to ERISA-Covered Plans And Were Therefore Preempted.**

State Street cites to several cases as support for the conclusion that "alternative pleading does not save state law claims from dismissal under ERISA's express preemption provision." Defs' Reply at 3- 4. This general framing of the issue misses the point. Plaintiff does not contend that a party can merely label a non-ERISA claim as being in the alternative and avoid dismissal where the facts establish that the Plan at issue is, in fact, an ERISA-covered plan. Nor does it contend that it can "opt-out" of ERISA or plead a non-ERISA claim in case its ERISA claim is unsuccessful as a result of the failure to show an ERISA violation. Here, the alternative facts that Plaintiff pleads go to the very issue of whether ERISA (and therefore ERISA preemption) applies. Either Goodyear VEBA is an ERISA Plan, as Counts I and II of the Complaint assume, or it is not, as Count III assumes. This aspect of Plaintiff's alternative pleading distinguishes this case from those cited by State Street, where ERISA coverage is independently established or not disputed for the purpose of any of the claims asserted.

In *Morales v. Prudential Financial, Inc.,* 2009 WL 311109 (S.D. Texas Feb. 5, 2009), the plaintiff was a beneficiary under her late husband's employer-provided life insurance policy. She sued the insurer based upon its denial of benefits under the policy. In addition to claims for violation of ERISA, she alleged state common law claims in the alternative, in the event that her husband was not covered by the policy or the plan was excluded from ERISA by the so-called "safe harbor" provisions of regulations promulgated by the U.S. Department of Labor. *Id.* at *1, 3. In granting the defendant's motion judgment on the pleadings, the district court found that the plaintiff was suing as a "would-be beneficiary under an ERISA plan" and that the case involved "the right to receive benefits under the terms of an ERISA plan." *Id.* at 2, 3. The Court also

4

found that ERISA's safe harbor provisions did not apply. *Id.* at 3. In other words, the court did not rely on alternatively pled "admissions" of ERISA coverage as a basis for dismissing the state law claims, as State Street would have this court do, but made an independent determination that ERISA applied and preempted the state law claims. By contrast, in this case, evidence of whether ERISA applies or not is not presently before the Court.

*Clark v. Hewitt Associates, LLC*, 294 F.Supp.2d 946 (N.D. Ill. 2003), also cited by Defendants, involves facts very similar to those in *Morales.* As in *Morales,* the plaintiff was seeking life insurance benefits under her late husband's employer-provided life insurance plan. She sued both the plan administrator and the insurance company, asserting state law claims for breach of contract and violation of the Illinois Insurance Code in addition to ERISA claims. As in *Morales,* the district court made an independent finding that "Plaintiff's breach of contract claim and Illinois Insurance Code claim, which are both rooted in Clark's optional life insurance policy, *relate to* an employee benefit plan." *Id.* at 953. (emphasis added). The Court also determined that these claims did not fall within any ERISA preemption savings clause. *Id.* Addressing plaintiff's assertion that it could plead state law claims in the alternative, "in the event that her ERISA claim does not succeed," the court agreed with the defendants that "the likelihood of a party's success in bringing a claim has no effect on ERISA preemption." *Id.*

In the claim at bar, Plaintiff has not merely included common law claims "in the event that [its] ERISA claim does not succeed". Count III admittedly only survives if this Court determines that Goodyear VEBA is not an employee benefits plan under ERISA. In that case, Plaintiff's claims do not "relate to" an ERISA plan, and there is no ERISA preemption.

State Street's other ERISA authorities are similarly distinguishable. In *Tappe v. Alliance Capital Management L.P.,* 177 F.Supp.2d 176 (S.D. NY 2001), for example, the Court found

5

that the severance payments sought by the plaintiff were employee benefits under ERISA and that plaintiff's claim for benefits under the severance plan thus "relate to" an employee benefit plan. *Id.* at 187. In concluding that the state law claims were therefore pre-empted, the court made it clear that it was not relying on allegations from plaintiff's ERISA claims as admissions for that purpose:

> Whether ERISA preempts Tappe's state law claims does not depend on whether he brings an ERISA claim; it depends on whether his claims "relate to" an employer's severance plan. Even if Tappe had not brought an ERISA claim, the analysis would still be the same. When analyzed "independently," Tappe's state law claims remain related to the compensation that he claims Alliance should have paid under its long-standing severance policy. Given the breadth of ERISA's preemption clause, his state claims must be dismissed.

*Id.* at 188 (internal citations omitted).

Similarly, *Cox v. Eichler,* 765 F.Supp. 601 (N.D. Cal. 1990) and *Pane v. RCA Corp.* 667 F.Supp. 168 (D. N.J. 1987) both stand for the uncontested proposition that *if* a plan is determined to be covered by ERISA, a plaintiffs' state law claims are preempted. In both cases, the court determined that the state law claims related to the administration of an ERISA plan without relying on the mere fact that plaintiff had asserted ERISA claims and, for that purpose, conceded their status as an employee benefits plan. *Cox.* at 603-607; *Pane* at 169-173.

Thus, in each of the cases on which Defendants rely, the existence of an ERISA plan was assumed or established and an independent finding was made that the state law claims related to the administration of that plan.  In this case, by contrast, Plaintiff's state law claims in Count III are based upon allegations that ***do not*** include the fact that Plaintiff is an employee benefit plan under ERISA and, in fact, assume that it is not. If, as this alternatively-pled scenario assumes, Goodyear VEBA is not an employee benefit plan under ERISA, then its common law claim for breach of fiduciary duty does not "relate to" an ERISA plan and is not preempted. Pursuant to

6

Rule 8(d), the Court cannot import Plaintiff's allegations regarding its ERISA status from Counts I and II and treat them as admissions for the purpose of Count III. Since the Court has no independent basis for concluding that Goodyear VEBA is an ERISA-covered employee benefit plan for the purpose of Count III, and State Street has provided none, the motion to dismiss Count III based upon ERISA preemption should be denied.

### III. Defendants' Attempt to Distinguish Plaintiff's Authorities Merely Affirms that Plaintiff's Alternative Pleading of Its State Law Claim is Proper

In its Memorandum opposing Defendants' motion to dismiss Count III of the Complaint (Doc. No. 35), Plaintiff cited to three cases directly on point, each upholding the ability of a party to assert ERISA and non-ERISA claims in the alternative. *Id.* at 7-8, *citing Parra v. Mountain States Life Ins. Co. of Am.,* 52 F3d 1066 (5th Cir. 1995); *Collins v. Aetna Life Ins. Co.*, 12-CV-5049-TOR, 2012 WL 5377797 (E.D. Wash. Nov. 1, 2012); *Coleman v Standard Life Ins. Co.*, 288 F.Supp.2d at 1119-22. Defendants attempt to distinguish these cases on the ground that they involved "circumstances where there was doubt about whether a particular plan was in fact an ERISA-covered employee benefit plan," whereas here "Goodyear VEBA has asserted ERISA claims and contends that it is a covered employee benefit plan." Defs' Reply at 6. There are two problems with this argument. First, each of the plaintiffs in those cases where the alternative pleading of non-ERISA claims was upheld also asserted ERISA claims, just as Plaintiff has done here. In so doing, they either explicitly or implicitly alleged that the plan at issue was an ERISA-covered employee benefit plan.[2] Under State Street's reasoning, such allegations, even if limited to the ERISA claims, are fatal to the alternative state law claims and require dismissal of those claims based on preemption. Yet, each court denied the defendant's preemption-based motion to

---

[2] In *Coleman,* for example, the court notes that "plaintiff does specifically allege that the policy is part of an 'employee welfare benefit plan' as defined by 29 U.S.C. § 1002 and that he is a participant in that plan." *Id.* at 1119.

7

dismiss and allowed the plaintiff to plead ERISA and non-ERISA claims in the alternative, at least at the pleading stage.[3] So, too, should the Court here permit Plaintiff to proceed on alternative and inconsistent theories notwithstanding its allegation, limited to the Counts I and II, that it is a covered employee benefit plan.

Second, the fact that there was doubt about the plans' coverage under ERISA in *Collins, Parra* and *Coleman* does not distinguish those cases from the case at bar, as this Court has yet to consider whether Goodyear VEBA is an ERISA-covered benefit plan. Nor is it necessary, as Defendants' argument suggests, for Plaintiff to actually "dispute" ERISA coverage in order to plead state law claims in the alternative.[4] As Defendants' own authorities indicate, a party may plead inconsistent facts or legal theories whenever it has legitimate doubt *or* is otherwise justified in doing so and can represent that it is not doing so for an improper purpose. Defs' Reply at 2, citing 5 Fed. Prac. & Proc. Civ. § 1285(3d ed.). Thus, Plaintiff can have a good faith belief that it qualifies as an ERISA-covered employment benefit plan, but still harbor some doubt or have a legitimate reason for pleading otherwise in the alternative. Considering the fact that a plan's qualification as an ERISA-covered employee benefit plan involves a complicated factual and legal analysis and the fact that the Court has had no opportunity to consider the issue, ERISA coverage and the preemption of state law claims that flows from such coverage is very much an open question. As such, just as in the above-cited cases, Plaintiff is entitled to pursue its ERISA and state law claims in the alternative.

---

[3] In fact the *Collins* court stated explicitly that the plaintiff's "ERISA-related allegations are not fatal to her state law claims." *Id.* at *3, *citing* Fed. R. Civ. P. 8(d)(3) and *quoting Molsbergen,* 757 F.2d at 1019 (9th Cir. 1985) (". . . a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case[.]").

[4] Defendants have taken some liberties with the facts in stating that the plaintiffs in *Collins* and *Coleman* "disputed that there was an ERISA-covered employee benefit plan". Def's Reply at 6, *citing Coleman,* 288 F.Supp.2d at 119. In fact, as described by the court at that very location in the opinion, Coleman's position was "that he has not conceded that the plan is indeed an ERISA plan since the allegation is made only in the alternative, and that defendant has the burden to prove that this policy arose out of an ERISA plan." *Id.* This is precisely Plaintiff's position here.

### IV.     Plaintiff Does Not Plead Count III in the Alternative for Any Improper Purpose.

State Street's final argument on reply is that Plaintiff has included Count III of the Amended Complaint for the purpose of asserting a representative claim on behalf of persons not otherwise in the case, while its counsel seeks a more appropriate plaintiff to assert the claim. Def's Reply at 7. This statement is spurious and reflects Defendants' stubborn refusal to accept Plaintiff's alternative pleading for what it is – an effort to address two potential outcomes with regard to Plaintiff's status under ERISA. Put simply, if the Court determines that Goodyear VEBA is an ERISA-covered employee benefit plan, then Plaintiff will pursue its ERISA claims on behalf of itself and other ERISA plans. If, on the other hand, the Court determines that it is not covered by ERISA, it will pursue its state law claim for breach of fiduciary duty on behalf of itself and other "entities that are determined to be not covered by ERISA." (Am. Compl. At §69). In other words, since Count III assumes a determination that Plaintiff is not covered by ERISA, Plaintiff would, in that case, certainly be an appropriate plaintiff to assert that claim on behalf of other non-ERISA plans. Defendants' argument assumes that Plaintiff will pursue its alternative state law claims under Count III even after a judicial determination that it is an ERISA-covered employee benefit plan, which is not the case. Such claims would need to be brought by other non-ERISA plans, which would not be improper.

### CONCLUSION

For the foregoing reasons, and those stated in Plaintiff's previously filed opposition to the motion, State Street's Motion to Dismiss Count III of the Amended Complaint should be denied.

Dated: August 27, 2013                                        Respectfully submitted,

                                                                                   /s/ Mark T. Johnson
John Roddy, BBO No. 424240                          Todd M. Schneider
BAILEY & GLASSER LLP                                 Mark T. Johnson
125 Summer Street                                            SCHNEIDER WALLACE
Suite 1030                                                          COTTRELL KONECKY LLP

9

Boston, MA 02110
Tel: (617) 439-6730
Fax: (617) 951-3954

Garrett W. Wotkyns
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
8501 North Scottsdale Rd., Suite 270
Scottsdale, AZ 85253
Tel: (480) 428-0142
Fax: (866) 505-8036

Todd S. Collins
Shanon J. Carson
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604

180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421- 7105

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

Brian A. Glasser
Michael L. Murphy
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on August 27, 2013.

/s/ *Mark T. Johnson*
Mark T. Johnson