## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **The Retirees of the Goodyear Tire and Rubber Company Health Care Trust Company** *and all others similarly situated*, | ) ) ) ) ) | **CIVIL ACTION NO:  13-10124(JLT)** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| **State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,** | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Lori A. Martin (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
Sara N. Raisner (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888

*Counsel for Defendants State Street Corporation and State Street Bank & Trust Company (including its division State Street Global Advisors)*

Defendants State Street Corporation ("SSC") and State Street Bank & Trust Company ("SSBT") (together with its division State Street Global Advisors ("SSgA")) ("Defendants"), by their attorneys, hereby answer the First Amended Class Action Complaint, dated May 7, 2013 (the "Complaint").  Defendants deny all allegations in the Complaint to the extent they suggest that Defendants violated fiduciary duties to the Goodyear Tire & Rubber Company Health Care Plan and Trust ("Goodyear VEBA," or the "Plan") or any other plan, including but not limited to purported "unreasonable compensation" and "self-dealing and prohibited transactions," and further respond to the specific allegations in the Complaint as follows:

1.      Defendants deny the allegations contained in Paragraph 1, except admit that Plaintiff purports to bring this action pursuant to the federal statute and common law cited therein.

2.      To the extent that Paragraph 2 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants state that they lack information sufficient to admit or deny the allegation regarding the formation of the Goodyear VEBA plan pursuant to court order.

3.      To the extent that Paragraph 3 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that SSBT executed an Agreement of Trust with Goodyear VEBA on October 8, 2008, as well as other contractual documents and amendments, and respectfully refer the Court to the contents of those documents and amendments.

4.      Defendants deny the allegations contained in Paragraph 4, except admit that the Plan invested in Common Trust Funds managed by Defendants (the "Common Trust Funds"); that Common Trust Funds are investment funds that pool the investments of institutional

investors; and that SSBT charges fees in accordance with, among other documents, the relevant

Declarations of Trust, Fund Declarations, and individual Agreements of Trust between SSBT

and investors in the Common Trust Funds ("Trust Documents"), as well as individualized,

arm's-length fee negotiations with investors in the Common Trust Funds and/or their

professional advisors.

5.     Defendants deny the allegations contained in Paragraph 5, except admit that some

of the Common Trust Funds in which the Plan invested engaged in securities lending in

accordance with the Trust Documents and individualized, arm's-length negotiations with

investors in the Common Trust Funds and/or their professional advisors.  Defendants aver that

securities lending involves the temporary loan of a security by its owner to a borrower, who

secures the loan with collateral that exceeds the value of the security.  Defendants further aver

that the collateral is invested in high quality instruments so that the owner (here the Common

Trust Funds) receives additional investment income, if any, from the collateral investment.

6.     Defendants deny the allegations contained in Paragraph 6, except admit that

borrowers secure the loan of securities held by the Common Trust Funds with collateral,

generally in the form of cash; that the cash collateral is invested in high quality instruments for

the purpose of providing the owner (here the Common Trust Funds) with additional investment

income from the collateral investment; and that investment income accrues to the Common Trust

Funds and their participants.  Defendants aver that the amount of additional investment income

resulting from the collateral investment varies annually based upon a range of factors.

7.     Defendants deny the allegations contained in Paragraph 7, except admit that

SSBT is the Trustee for the Common Trust Funds set forth in Paragraph 15 of the Complaint;

that SSBT acts as lending agent for the Common Trust Funds that engage in securities lending;

that collateral received by Common Trust Funds that engage in securities lending is invested in cash collateral pools that are managed by SSgA, which in turn invest in high quality instruments for the purpose of generating income; and that in accordance with the Trust Documents, as well as individualized, arm's-length negotiations with investors in the Common Trust Funds and/or their professional advisors, SSBT receives fees for its various responsibilities with respect to the Common Trust Funds and the cash collateral pools.

8.     Defendants deny the allegations contained in Paragraph 8, except admit that upon return of the borrowed securities, the collateral is returned to the borrower; that the borrower is paid a rebate for the investment use of the collateral; and that during the period January 22, 2007 though June 2010 no less than 50 percent of securities lending revenue, net of costs including the rebate, accrued to the Common Trust Funds and their participants, with the remainder paid to SSBT in its capacity as lending agent as compensation for the securities lending services conducted on behalf of the Common Trust Funds.  Defendants aver that the securities lending fee split is part of the individual fee negotiation with investors in the Common Trust Funds and/or their professional advisor.

9.     To the extent that Paragraph 9 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that in accordance with the Trust Documents, as well as individualized, arm's-length negotiations with investors in the Common Trust Funds and/or their professional advisors, SSBT is authorized to lend securities on behalf of the Plan, and that during the period January 22, 2007 through June 2010 SSBT was authorized to receive as compensation for those securities lending services a fee of no more than 50 percent of the net income generated by securities lending activities.  Defendants aver that Plans that invested in the Common Trust Funds were informed

3

of and consented to SSBT's role as lending agent on behalf of the Common Trust Funds, as well as the compensation received by SSBT for performing those securities lending services. Defendants aver that the securities lending compensation structure is reasonable, and further aver, upon information and belief, that a 50/50 fee split in a bundle of advisory and other fees was market competitive within the industry during the class period.  Defendants further aver, upon information and belief, that SSBT's primary competitor in the highly competitive market for retirement plan asset management charged an identical securities lending fee during the relevant period.

10.     To the extent that Paragraph 10 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations. Defendants aver that it is a common industry practice for a trust company such as SSBT to act as both trustee for Common Trust Funds and lending agent for a securities lending program; and that such practice is exempted from ERISA § 406 by virtue of a class exemption.  Defendants further aver that SSBT's role as lending agent for the Common Trust Funds, as well as its compensation for performing those services, were disclosed to and accepted by investors in the Common Trust Funds and/or their professional advisors as part of individualized, arm's-length negotiations.

11.     To the extent that Paragraph 11 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations.

## I.      JURISDICTION AND VENUE

12.     To the extent that Paragraph 12 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiff purports to base jurisdiction over the subject matter of this action on the

statutes cited therein and purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

13.     To the extent that Paragraph 13 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiff purports to base venue on the statutes cited therein.

## II.     THE PARTIES

**Plaintiff**

14.     To the extent that Paragraph 14 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants state that they lack sufficient information to admit or deny the allegations and respectfully refer the Court to the document referenced therein.  Defendants aver that the named Plaintiff cannot represent both ERISA and non-ERISA plans:  if Goodyear VEBA is an ERISA plan, Plaintiff's common law claims are preempted; if Goodyear VEBA is not an ERISA plan, then it cannot bring claims under ERISA on behalf of itself or other plans.

15.     Defendants admit that Goodyear VEBA invested in six Common Trust Funds that participated in the securities lending program between September 30, 2008 and September 30, 2010:  Credit 1-3 Year Index SL CTF; Passive Bond Market Index SL CTF; Russell 3000 Index SL CTF; MSCI EAFE Index SL CTF; Credit 3-10 Year Index SL CTF; and the MSCI Emerging Markets Index SL CTF.

**Defendants**

16.     To the extent that Paragraph 16 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except

admit that SSBT is the trustee of the Common Trust Funds set forth in Paragraph 15 of the

Complaint and that its principal place of business is Boston, Massachusetts.

17.     Defendants admit the allegations contained in Paragraph 17, except aver that SSC

was organized in 1969, not 1970, under the laws of the Commonwealth of Massachusetts.

18.     To the extent that Paragraph 18 states a legal conclusion, no responsive pleading

is required.  To the extent that a response is required, Defendants deny the allegations, except

admit that SSgA is the investment management division of SSBT, a wholly owned subsidiary of

SSC, and that SSBT is the trustee of the Common Trust Funds set forth in Paragraph 15 of the

Complaint.

### III.     DEFENDANTS' FIDUCIARY STATUS

19.     To the extent that the allegations contained in Paragraph 19 state a legal

conclusion, no responsive pleading is required.  To the extent that a response is required,

Defendants deny the allegations contained in Paragraph 19, except respectfully refer the Court to

ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), ERISA § 3(21)(A)(i), 29 U.S.C. § 1002(21)(A)(i),

and Massachusetts common law, for the contents thereof.

20.     To the extent that the allegations contained in Paragraph 20 state a legal

conclusion, no responsive pleading is required.  To the extent that a response is required,

Defendants deny the allegations contained in Paragraph 20, except respectfully refer the Court to

ERISA § 3(38), 29 U.S.C. § 1002(38) for the contents thereof.

21.     To the extent that the allegations contained in Paragraph 21 state a legal

conclusion, no responsive pleading is required.  To the extent that a response is required,

Defendants deny the allegations contained in Paragraph 21, except state that Defendants

prudently and loyally managed the assets that were invested in the Common Trust Funds and

cash collateral pools.  Defendants aver that they did not exercise discretion or control over the

Plan's assets when it negotiated with State Street – at arm's-length – the terms of its investments

in the Common Trust Funds, including State Street's compensation for the provision of securities

lending services.  Defendants further aver that they did not exercise discretion or control over

Plan assets when the Plan elected to invest in the Common Trust Funds or when State Street

received compensation pursuant to the terms the parties negotiated and agreed to at arm's-length.

## IV.    DEFENDANTS' FIDUCIARY DUTIES

22.     Because Paragraph 22 contains no factual allegations, no responsive pleading is

required.  To the extent that a response is required, Defendants respectfully refer the Court to

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and ERISA § 409, 29 U.S.C. § 1109 for the contents

thereof.

23.     Because Paragraph 23 contains no factual allegations, no responsive pleading is

required.  To the extent that a response is required, Defendants respectfully refer the Court to

ERISA § 409, 29 U.S.C. § 1109 for the contents thereof.

24.     Because Paragraph 24 contains no factual allegations, no responsive pleading is

required.  To the extent that a response is required, Defendants respectfully refer the Court to

ERISA § 404(a), 29 U.S.C. § 1104(a) for the contents thereof.

25.     To the extent that the allegations contained in Paragraph 25 state a legal

conclusion, no responsive pleading is required.  To the extent that a response is required,

Defendants deny the allegations contained in Paragraph 25, except respectfully refer the Court to

ERISA § 404(a), 29 U.S.C. § 1104(a), and *Donovan* v. *Bierwirth,* 680 F.2d 263 (2d Cir. 1982),

for the contents thereof.

26.     To the extent that the allegations contained in Paragraph 26 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 26, except respectfully refer the Court to ERISA § 406, 29 U.S.C. § 1106 for the contents thereof.

## V.     DEFENDANTS' VIOLATIONS OF ERISA

27.     Defendants deny the allegations contained in Paragraph 27.  Defendants aver that SSBT's role as lending agent to the Common Trust Funds and its compensation for providing securities lending services were disclosed to and accepted by the Plans prior to their investment in the Common Trust Funds, as part of an arm's-length negotiation.  Defendants further aver that SSBT's compensation for the provision of securities lending services was reasonable.

28.     To the extent that the allegations contained in Paragraph 28 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 28, except admit that SSBT executed an Agreement of Trust with Goodyear VEBA; that SSBT is the trustee of the Common Trust Funds set forth in Paragraph 15 of the Complaint; that SSBT, as trustee to the Common Trust Funds, charges fees in accordance with the relevant Trust Documents, as well as individualized, arm's-length negotiations with Plans and/or their professional advisors, prior to their investments in the Common Trust Funds; and that some of the Common Trust Funds in which the Plan invested engaged in securities lending, which includes the investment of collateral in cash collateral pools.

29.     Defendants deny the allegations contained in Paragraph 29, except admit that some of the Common Trust Funds in which the Plan invested engaged in securities lending; that Common Trust Funds that engaged in securities lending, including those listed in Paragraph 15

of the Complaint, entered into a securities lending authorization agreement with SSBT, which sets the terms and conditions of SSBT's authorization to lend securities held by the Common Trust Funds; that SSBT acts as lending agent for the Common Trust Funds that engage in securities lending; that Common Trust Funds that engaged in securities lending lent to borrowers securities held by the Common Trust Funds, which loans were secured with collateral; and that the collateral was invested in cash collateral pools, which in turn invest in high quality instruments in order to generate income.

30.     Defendants deny the allegations contained in Paragraph 30, except admit that SSBT, through its division SSgA, manages cash collateral pools and charges fees in accordance with the relevant governing documents as well as individual, arm's-length negotiations with investors in the Common Trust Funds and/or their professional advisors; that SSBT acts as lending agent for the Common Trust Funds that engage in securities lending; and that during the period January 22, 2007 though June 2010 no less than 50 percent of securities lending revenue, net of costs including the rebate, accrued to the Common Trust Funds and their investors, with the remainder paid to SSBT in its capacity as lending agent as compensation for the securities lending services conducted on behalf of the Common Trust Funds.

31.     To the extent that the allegations contained in Paragraph 31 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 31.  Defendants aver that SSBT's role as lending agent to the Common Trust Funds and its compensation for providing securities lending services were disclosed to and accepted by the Plans prior to their investments in the Common Trust Funds, as part of an arm's-length negotiation.

32.     Defendants deny the allegations contained in Paragraph 32, except admit that during the period January 22, 2007 through June 2010, in accordance with the Trust Documents and consistent with State Street's individualized, arm's-length negotiations with the Plans, no less than 50 percent of securities lending revenue, net of costs including the rebate, accrued to the Common Trust Funds and their investors, with the remainder paid to SSBT in its capacity as lending agent as compensation for the securities lending services conducted on behalf of the Common Trust Funds; and that some clients negotiated the receipt of a greater percentage of the securities lending income, as part of their overall negotiation for a set of services provided by Defendants.  Defendants aver that the negotiation of a securities lending compensation structure is based upon various factors, including but not limited to the amount of assets that a client has under management or administration, the other fees negotiated within the bundle of services that a Plan negotiates as a package (such as investment management fees), and the client's overall relationship with State Street.  Defendants further aver that the securities lending compensation structure was reasonable and, upon information and belief, that a 50/50 fee split was common within the industry.

33.     Defendants deny the allegations contained in Paragraph 33, except respectfully refer the Court to the news article referenced therein for the contents thereof.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34, except respectfully refer the Court to the news article referenced therein for the contents thereof.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, except respectfully refer the Court to the news articles referenced therein for the contents thereof.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36, except respectfully refer the Court to the documents referenced therein for the contents thereof.

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37, except respectfully refer the Court to the news article referenced therein for the contents thereof.

38.     Defendants deny the allegations contained in Paragraph 38, except refer to the Common Trust Funds' audited financial statements for the contents thereof.

39.     To the extent that Paragraph 39 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 39.

40.     To the extent that Paragraph 40 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 40.

41.     To the extent that Paragraph 41 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 41.

## VI.     CLASS ACTION ALLEGATIONS

42.     To the extent that the allegations contained in Paragraph 42 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 42, except admit that Plaintiff purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43.     To the extent that the allegations contained in Paragraph 43 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 43, except admit that Plaintiff purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.     To the extent that Paragraph 44 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 44.

45.     To the extent that Paragraph 45 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 45.

46.     To the extent that Paragraph 46 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 46.

47.     To the extent that Paragraph 47 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 47.

48.     To the extent that Paragraph 48 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 48.

49.     To the extent that Paragraph 49 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 49.

50.     To the extent that Paragraph 50 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 50.

## VII.    REMEDY UNDER ERISA FOR BREACHES OF FIDUCIARY DUTIES

51.     To the extent that the allegations contained in Paragraph 51 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 51, except admit that Plaintiff purports to bring this action pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and respectfully refer the Court to those statutes and ERISA § 409, 29 U.S.C. § 1109 for the contents thereof. Defendants aver that ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) does not authorize a plan participant to sue on behalf of other plans in which it was not a participant and has no interest at all with respect to Common Trust Funds it did not purchase.

52.     To the extent that the allegations contained in Paragraph 52 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 52.

53.     To the extent that the allegations contained in Paragraph 53 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 53.

54.     Because Paragraph 54 contains no factual allegations, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 54.

## VIII.   CLAIMS FOR RELIEF

### COUNT I

### FOR PROHIBITED TRANSACTIONS INVOLVING PLAN ASSETS

55.     Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

56.     To the extent that the allegations contained in Paragraph 56 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 56, particularly with respect to the securities lending income Defendants received in accordance with the fee agreements negotiated with Plaintiff and other Plans.

57.     To the extent that the allegations contained in Paragraph 57 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 57.

58.     To the extent that the allegations contained in Paragraph 58 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 58, except admit that SSBT executed Agreements of Trust and related amendments with Goodyear VEBA and respectfully refer the Court to those documents for the contents thereof.

59.     To the extent that the allegations contained in Paragraph 59 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 59.

60.     To the extent that the allegations contained in Paragraph 60 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 60.

**COUNT II**

**FAILURE PRUDENTLY AND LOYALLY TO MANAGE PLAN ASSETS**

61.     Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

62.     To the extent that the allegations contained in Paragraph 62 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 62, particularly with respect to the securities lending income State Street received in accordance with the fee agreements negotiated with Plaintiff.

63.     To the extent that the allegations contained in Paragraph 63 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 63, except admit that SSBT executed Agreements of Trust and related amendments with Goodyear VEBA and respectfully refer the Court to those documents for the contents thereof.

64.     To the extent that the allegations contained in Paragraph 64 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 64, except admit that SSBT executed Agreements of Trust and related amendments with Goodyear VEBA and respectfully refer the Court to those documents for the contents thereof.

65.     To the extent that the allegations contained in Paragraph 65 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 65.

66.     To the extent that the allegations contained in Paragraph 66 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 66.

67.     To the extent that the allegations contained in Paragraph 67 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 67.

68.     To the extent that the allegations contained in Paragraph 68 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 68.

**COUNT III**

**FOR BREACH OF FIDUCIARY DUTY UNDER MASSACHUSETTS COMMON LAW**

69.     Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  Defendants aver that the named Plaintiff cannot bring claims on behalf of both a putative "ERISA Class" and a putative "Non-ERISA" class. Defendants further aver that if Goodyear VEBA is an ERISA plan, Plaintiff's common law claims are preempted by ERISA; if Goodyear VEBA is not an ERISA plan, then it cannot bring claims under ERISA.

70.     To the extent that the allegations contained in Paragraph 70 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 70, except admit that SSBT executed Agreements of Trust and related amendments with Goodyear VEBA and respectfully refer the Court to those documents for the contents thereof.

71.     To the extent that the allegations contained in Paragraph 71 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 71.

72.     To the extent that the allegations contained in Paragraph 72 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 72.

73.     To the extent that the allegations contained in Paragraph 73 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 73, except state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Committee's knowledge of certain facts.  Defendants aver that Plaintiff understood and agreed to the securities lending fee split prior to its initial investment in the Common Trust Funds and more than three years prior to the initiation of this action.

74.     To the extent that the allegations contained in Paragraph 74 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 74.  Defendants aver that the prospective receipt of a negotiated and agreed-upon fee does not constitute a "separate injury."

75.     To the extent the allegations contained in Paragraph 75 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 75.

## IX.     PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to relief.

## X.   DEMAND FOR JURY TRIAL

Defendants deny that Plaintiff's claims are triable to a jury.

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff has failed to plead its claims against Defendants with particularity.

### THIRD AFFIRMATIVE DEFENSE

3.      Defendants are not liable to Plaintiff because they did not breach any fiduciary duties to the Plans or their participants, and loyally and prudently managed the assets of the Plans.

### FOURTH AFFIRMATIVE DEFENSE

4.      Defendants are not liable to Plaintiff because they did not act as a fiduciary to the Plans or their participants when they negotiated at arm's-length the terms of the Plans' investments in the Common Trust Funds, including the securities lending fee split.

### FIFTH AFFIRMATIVE DEFENSE

5.      Defendants are not liable to Plaintiff because they did not act as a fiduciary to the Plans or their participants when the Plans elected to invest in the Common Trust Funds and to pay the securities lending fee split proposed by Defendants.

### SIXTH AFFIRMATIVE DEFENSE

6.      Defendants are not liable to Plaintiff because they did not act as a fiduciary to the Plans or their participants when Defendants received their agreed-upon compensation for providing securities lending services to the Common Trust Funds.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Defendants are not liable to Plaintiff because they discharged their duties solely in the interest of the Plan and its participants and beneficiaries, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Defendants are not liable to Plaintiff because they did not award themselves unreasonable compensation.

## NINTH AFFIRMATIVE DEFENSE

9.      Defendants are not liable to Plaintiff because the setting of the proposed securities lending compensation structure was not a fiduciary act.

## TENTH AFFIRMATIVE DEFENSE

10.     Defendants are not liable to Plaintiff because they did not engage in self-dealing or prohibited transactions.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendants are not liable to Plaintiff because Plaintiff has not suffered any losses and has sustained no damages.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff and others alleged to be members of the putative class lack constitutional or statutory standing to maintain some or all of their claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims against Defendants are barred in whole or in part by its knowledge of the securities lending program and its negotiation of and consent to the securities lending fee proposed by Defendants prior to Plaintiff's investment in the Common Trust Funds.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims against Defendants are barred in whole or in part by its own actions, omissions, and/or negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Claims brought by Plaintiff and others alleged to be members of the putative class against Defendants are barred in whole or in part by applicable statutes of limitation.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Defendants are not liable to Plaintiff because the transactions at issue in the Complaint are exempted by individual, class, or statutory exemptions.  The applicable exemptions include, without limitation:  (i) ERISA statutory exemptions pursuant to §§ 408(b)(2), 408(b)(6) and 408(b)(8), 29 U.S.C. §§ 1108(b)(2), (6) and (8); (ii) Department of Labor Prohibited Transaction Exemption (PTE) 2006-16 and its predecessors, PTE 81-6 and PTE 82-63; and (iii) all applicable individual State Street exemptions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims against Defendants are barred in whole or in part because of a lack of causation.  Plaintiff has not suffered any injury or harm as a result of the actions or omissions of Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Other parties not named in the Complaint may be indispensable parties to this action.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims against Defendants are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiff or other entities or persons.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's damages, if any, are due to the negligence, or other acts or omissions, of persons or entities other than Defendants; however, in the event that a finding is made that negligence exists on the part of Defendants, which proximately contributed to Plaintiff's damages alleged in the Complaint, Defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other persons or entities contributed to the happening of the incident and alleged damages upon which Plaintiff seeks recovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.      Plaintiff's claims against Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims against Defendants are barred in whole or in part because of Plaintiff's inequitable conduct and unclean hands, as Plaintiff owes a fiduciary duty to the Plan.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff is barred from obtaining any relief from Defendants on behalf of the Plan according to the doctrine of *in pari delicto*.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff ratified the allegedly improper or unlawful acts of Defendants alleged in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff acquiesced in the allegedly improper or unlawful acts of Defendants alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff assumed the risk of the allegedly improper or unlawful acts of Defendants alleged in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's common law claim is preempted by ERISA.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Defendants reserve the right to assert such other additional defenses as may be appropriate at a later time.


Dated:   October 14, 2013
      New York, New York             Respectfully submitted,

                                             _/s/ Lori A. Martin_____
                                             Lori A. Martin (*pro hac vice*)
                                           Brad E. Konstandt (*pro hac vice*)
                                           Sara N. Raisner (*pro hac vice*)
                                           WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                           7 World Trade Center
                                           250 Greenwich Street
                                           New York, NY 10007

Telephone: (212) 230-8800
Facsimile: (212) 230-8888
lori.martin@wilmerhale.com

*Counsel for Defendants State Street Corporation and State Street Bank & Trust Company (including its division State Street Global Advisors)*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2013, I caused a copy of **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF), and by first-class mail on those indicated as non-registered participants.

Brad E. Konstandt